*Jeremiah.*

## THE TROY AND BOSTON RAILROAD COMPANY *vs.* LEE.

13   169
123a 250

13   169
129a 272

13   169
78h 261

13b 169
6ap335

13b 169
18ap195

13b 169
50ad576

13b 169
f52ad 34

13b      169
71 AD ³555

The principles by which the supreme court will be governed, in its decision upon an appeal from an appraisal and report of commissioners appointed pursuant to the 15th section of the general railroad act. (*Laws of* 1850, *ch.* 140.)

Any technical departure from established rules, in the admission or rejection of evidence, will not be allowed to affect the appraisal, unless it appears that such error has injured the party appealing.

If the court is satisfied that the commissioners have not erred in the principles upon which they have made their appraisal, no other error will be sufficient to send the report back for review.

In making appraisals of the damages sustained by a person whose property is taken for the purposes of a railroad, the true rule is to determine what will be the effect of the proposed change upon the market value of the property remaining. The proper inquiry is, what is the entire property now fairly worth in the market, and what will that part not taken be worth after the improvement is made.

THIS was an appeal from the appraisal and report of commissioners, appointed pursuant to the 15th section of the general railroad act.(*a*) The commissioners awarded to the defendant $850 for one acre and forty-five hundredths of an acre of land, taken by the plaintiffs for the use of their road. The report having been confirmed, the plaintiffs appealed, in pursuance of the provisions of the 18th section of the act.(*b*) The appeal was heard at a general term, at Albany.

*A. K. Hadley*, for the plaintiffs.

*J. J. Viele*, for the defendant.

*By the Court*, HARRIS, J. The statute, while it gives to either party an appeal to the supreme court from the appraisal made by commissioners, and authorizes the court, in its discretion, to direct a new appraisal, before the same or new commissioners, has not prescribed the principles by which the court is to be governed in its decision upon such appeal. I think it

(*a*) *Laws of* 1850, *ch.* 140.   1 *R. S. 4th ed.* 1226.
(*b*) 1 *R. S. 4th ed.* 1227.

quite obvious, that the review is not to be had upon the same principles by which the court is guided in reviewing the proceedings of a judicial tribunal. Any technical departure from established rules, in the admission or rejection of evidence, cannot be allowed to affect the appraisal, unless it appears that such error has injuriously affected the party appealing. The commissioners are not, like other tribunals, to be governed exclusively by evidence. They are required to view the premises, as well as to hear the proofs and allegations of the parties. The one duty is not less imperative or important, than the other. The commissioners are selected with a cautious regard to their fitness to judge, after qualifying themselves in the manner prescribed, of the compensation which ought justly to be made for the land to be taken. If the court, upon appeal, are satisfied that they have not erred in the principles upon which they have made their appraisal, no other error will be sufficient to send the report back for review.

It appears from the minutes of testimony taken by the commissioners, that the defendant's farm contains about 50 acres, and that the railroad so divides it, as to leave about 35 acres on one side and 15 acres on the other. Witnesses were called by the defendant to give their opinion as to the amount of damage he would sustain. This kind of testimony was objected to, but received. One witness testified that he would not give so much for the farm by $1000 as he would, if it had not been interfered with. Another estimated the farm to be worth $50 an acre without the railroad, and $20 an acre less, with the railroad in operation. A third witness thought the farm as it would be with the railroad running through it, not worth $20 an acre; and a fourth thought the farm would be comparatively valueless for farming purposes. These opinions constitute the chief part of the testimony taken. Such testimony, although admissible, is not entitled to great weight. Indeed, it is a departure from a general rule of evidence, to receive it at all. "The whole history of this kind of evidence," says a distinguished judge, "shows that it is separated from incompetency by a very thin partition." (*In the matter of Pearl-street*, 19 *Wend.* 651, *per Cowen, J.*)

Troy and Boston Railroad Co. *v.* Lee.

The opinions of witnesses, at the best, are to be received as " persuasive evidence," and never *controlling*.

In making appraisals of this kind, the true rule, the only rule which will do equal justice to all parties, is to determine what will be the effect of the proposed change upon the market value of the property. The proper inquiry is, what is it now fairly worth in the market, and what will it be worth, after the improvement is made. " All classes and conditions of men," says Bronson, J., in the *matter of Furman-street,* (17 *Wend.* 649,) " hold their property subject to the paramount claims of the state, and when it is taken for public purposes, and the question of compensation is presented, the only proper inquiry is, what is its value? The question is not what estimate does the owner place upon it, but what is its real worth, in the judgment of honest, competent and disinterested men ?" And again, he says, " the proper mode of adjusting the question of damages is to inquire, what is the present value of the land, and what will it be worth when the contemplated work is completed ?"

The verdict of a jury is determined by the testimony submitted to their consideration. It is therefore the subject of review. It may be presented to the consideration of the court, upon paper. But it is not so in relation to the proceedings of these commissioners of appraisal. The very first thing they are required to do is, to view the premises. Thus, their own senses are made to testify. The information thus acquired, it is impossible to bring before a court of review. The commissioners, too, are selected with reference to their general knowledge, qualifying them to judge discreetly upon the matters submitted to them. Unlike a jury, they are restricted to no peculiar species of evidence, or any peculiar sources of information. They may collect information in all the ways which a prudent man usually takes to satisfy his own mind concerning matters of the like kind, where his own interests are involved in the inquiry. They may seek light from other minds, that they may be the better able to arrive at just conclusions, but, at the last, they must be governed by their own judgment. That judgment is not to be controlled or outweighed by the opinions

of any number of witnesses. The commissioners have no right to take such opinions, nor, indeed, any other evidence, as the basis of their appraisal, without exercising their own judgment. They are to hear all the proofs and allegations of the parties, as well as to view the premises, as a means of enlightening their judgment, and, having done all, they are then to determine, in the free and uncontrolled exercise of that judgment, thus enlightened and thus informed, what award will best dispense equal justice to all the parties. When the original jurisdiction is to be exercised in this manner, it is impossible, from the very nature of the case, that there should be any thing like a regular judicial review. (*See opinion of Bronson, J. in the matter of William and Anthony-streets,* 19 *Wend.* 678.)

Regarding the market value of the property, as furnishing the true principle by which the commissioners are to be governed, and the independent exercise of their intelligent judgment, as the true mode of applying that principle to the appraisal, it is scarcely possible for a court to say upon review, that the commissioners have erred. Indeed, this can never be said, unless it can be made to appear that they have adopted an erroneous principle in making their appraisal, or have erred in the application of the true principle. Neither can be said to appear in this case. There is nothing here to show that the appraisal is not the result of the free exercise of the judgment of the majority of the commissioners who signed the report, in reference to the market value of the property as it was before the railroad was constructed, and as it will be afterwards. If it is, the report ought not to be disturbed. And perhaps, in strictness, this should be sufficient to justify the court in denying the application to send it back for review. But, from the amount of the award, taken in connection with the character of the testimony submitted to the commissioners, and the further fact that two very intelligent commissioners have omitted to unite in the appraisal, the court are apprehensive that the majority of the commissioners may possibly have felt themselves overruled by the opinions of others, and have made those opinions rather than their own judgment, the basis of their appraisal. For this rea-

son, and not so much for the purpose of correcting any error as to enable the commissioners to review their own decision, and see whether, upon the principles now stated, they have committed any error, we have thought it a discreet exercise of the power which the legislature has thought fit to vest in this court, to send the proceedings back to the same commissioners for review. Their second report will of course be final.

[Albany General Term, May 3, 1852. *Parker, Wright* and *Harris*, Justices.]