MATTER OF BLOOMFIELD AND ROCHESTER NATURAL GAS-LIGHT COMPANY, appellant, v. CALKINS.

*Highways — laying gas-pipes in — Evidence — Compensation for lands acquired by commission — Measure of damages.*

A gas-light company cannot, under a special law authorizing it to lay its pipes in streets, highways, etc., with the consent of the municipal authorities, lay such pipes in a country highway without consent of the owner of the lands over which such highway passes, unless it acquires the right to do so by proceedings for the purpose, upon paying compensation therefor.

In proceedings by commission to enable a gas-light company to obtain the right to lay its pipes across lands, by virtue of a special act authorizing it to take private property for the purposes of its incorporation, in the manner provided for railroads by the general railroad act, a witness before the commission, who had sworn that it would be necessary if the pipes were laid to sink deeper a drain on such lands, was asked this question : "Take into account the first cost of digging this drain, the additional depth and the probable cost of keeping it in repair, the additional depth forever ; what would be the additional expense of digging and maintaining the drain ?" The witness replied that he should put it at $3 per rod for 50 rods, and that in another place new tiles would have to be got and the extra expense would be $3 per rod for 60 rods.

*Held,* that the evidence was competent. It did not substitute the witness in the place of the commissioners, but furnished them with data necessary to enable them to fix the amount of compensation.

It is competent to show when land is taken for a specific use, *i. e.,* a railroad, that the land not taken is depreciated in value by the use made of the land taken, and if that depreciation consists in the imposition of expense upon the owner of such lands, what that expense will be.

A witness for the gas-light company testified as to the amount of depreciation of the farm by laying gas-pipes therein. *Held*, that questions on cross-examination in respect to the effect of escaping gas upon vegetation were competent.

APPEAL by the Bloomfield and Rochester Natural Gas-light Company from an order of the Monroe special term confirming the report of commissioners appointed in this proceeding, on petition of said company to appraise compensation to Hiram M. Calkins for land taken by the company under its charter.

The company was organized under the general statute authorizing the formation of gas-light companies. (Laws of 1848, chap. 37.) Among the powers which the act confers are the following contained in § 18 :

" Such corporation shall have power to lay conductors for conducting gas through the streets, lanes, alleys and squares, in such city, village or town, with the consent of the municipal authorities of said city, village or town, and under such reasonable regulations as they may prescribe."

By a special act passed in 1870 (Laws 1870, chap. 757), this company was given the powers of railroad corporations under the general railroad act, to acquire the title to real estate necessary to their use, and ascertaining the compensation to be made therefor.

The line fixed upon by the company passed along the highway in front of the farm of Mr. Calkins, in the town of Henrietta, Monroe county, and this proceeding was commenced in pursuance of the statute, and commissioners were appointed to ascertain the compensation if any, to be made to him for laying such pipes along said highway. The commissioners made a report, awarding Mr. Calkins $350. The other material facts appear sufficiently in the opinion.

*Theodore Bacon* and *H. R. Selden*, for appellant.

*John Norton Pomeroy*, for respondent.

MULLIN, P. J. The ground principally relied on by the petitioner's counsel to reverse the proceedings in this matter, is that the company has the right to lay its pipes in the highway on the farm of Calkins, without further compensation than was paid him or the other person who owned the land where the highway was laid out upon it — the use of which the company propose to apply

OCTOBER TERM, 1873. 551

Matter of Bloomfield and Rochester Natural Gas-light Co. v. Calkins.

it being a public one, and such use may be made of it, although not contemplated at the time the road was laid out. This question was considered on the appeal from the judgment in favor of Calkins, against the same company, and we came to the conclusion that the company could lay its pipes in the street without the consent of the owner, or acquiring the right to do so upon paying compensation therefor. It only remains to consider certain exceptions to evidence taken by the petitioner's counsel.

Calkins was sworn, and testified that there was a drain on his premises, that it would be necessary to dig deeper by reason of laying the pipes in the highway, and he was then asked what the additional expense would be of digging and maintaining that drain, taking into account the first cost of digging the drain, the additional depth and keeping it in repair, the additional depth forever.

This question was objected to as not furnishing any direct estimate of damages, and as immaterial and incompetent. The objection was overruled, and petitioner's counsel excepted. The witness answered he should put it at $3 per rod for 50 rods. At the other place where the tile drain is he should have to get new tiles, and the extra cost would be $3 per rod, for 60 rods. It would be as much work to clear out the old tile, and as great expense as it would be to lay new tiles.

By § 3 of chap. 757, of the laws of 1870, the petitioner was authorized to acquire title to land for the purpose of its incorporation and the proceedings for ascertaining the compensation, to be made therefor, are the same as are provided for in acquiring the title to real estate by railroad corporations.

Section 16 of the General Railroad Act, as amended in 1854, provides that the commissioners appointed to ascertain the compensation to be made to the owner for the land taken, should view the premises and hear the proofs and allegations of the parties, and ascertain and determine the compensation which ought justly to be made by the company to the owners.

By the 20th section of the General Railroad Act, as passed in 1848, it was provided that the commissioners should, after viewing the premises, without fear, favor or partiality, ascertain and certify the compensation proper to be made to the said owners for the land, real estate and property so to be taken and injuriously affected. Under the section last cited it was held, in the case of *T. & B. R. R. Co.* v. *Lee*, 13 Barb. 169, and in the case of *A. N. R. R. Co.* v. *Lansing*,

552 FOURTH DEPARTMENT,

Matter of Bloomfield and Rochester Natural Gas-light Co. v. Calkins.

16 id. 68, that the compensation to be awarded when part only of the owner's land was taken was the difference between the value as it was before the railroad was built and the value of what remained after the part required by the railroad company was taken; but no allowance could be made for any diminution in value by reason of the land taken being used for a railroad. These cases were overruled by the general term of the fifth district *In the Matter of U. C. & S. R. R. Co.*, 56 Barb. 456, it being there held that it was the duty of the commissioners to award to the owner the market value of the land taken, and the amount which the part of land not taken is depreciated in value by reason of the part taken being used for a railroad. It is said by FOSTER, J., in that case, that if the land remaining is rendered less valuable because it is more exposed to fire, or if access to it is rendered more difficult, or if the use of the remainder is more inconvenient by reason of the railroad, or if its value is depreciated by the noise, smoke, or increased dangers caused by the use of the railroad, these circumstances are to be included in the estimate of damages. It is well settled that it is incompetent for witnesses, in actions for the recovery of damages, to give their opinions as to the amount of damages sustained by the injured party. That question is exclusively for the jury or court that is to ascertain the damages.

It not unfrequently happens in such cases that, in order to enable the court or jury to arrive at the amount of damages, the cost of certain materials or labor must be ascertained from witnesses acquainted therewith, and of which the commissioners have not sufficient knowledge to enable them to determine the value.

Let us suppose that a railroad is so laid as to compel the owner to construct a bridge across a stream to enable him to reach his outbuildings. This is a burthen imposed upon him by the company in taking his land, and it depreciates the land not taken to the extent of the expense necessary to erect and maintain the bridge.

It would be competent to prove by persons skilled in bridge building the cost of the bridge, that is, the cost of the material used and labor employed in erecting it and in maintaining it.

The opinions of witnesses are thus rendered necessary, and without them the commissioners cannot arrive at a just measure of compensation. Such evidence is not incompetent; it does not substitute the witness in the place of the commissioners; it furnishes them with data necessary to be had in order to enable them to fix the amount of compensation.

Under the act of 1870, the commissioners appointed to ascertain the compensation to which Calkins is entitled are required to proceed in the same manner as are commissioners in railroad cases.

Laying pipes in Calkins' land, made it necessary to dig a trench and in so doing the under drains which were crossed by the trench were cut off, and any further discharge of water through them prevented, unless the tile were carried over or under the gas-pipes. If carried under, the drains must be lowered, and the lowering extended far enough into the fields to secure a proper descent to the water. In repairing these drains the labor would be increased in proportion to the depth of the drain. It would seem from the answer of the witness that new tile would be necessary in re-laying a part of the tile in one of the drains. If so, then the expense of these tile entered into the compensation. We are not to assume that the commissioners were acquainted with the cost of tile, or the expense of digging drains, and proof of these matters was indispensable to enable them to determine the compensation to be awarded to Calkins.

In receiving the evidence the commissioners did not substitute the opinions of the witnesses for their own judgments ; nor does it appear that they were influenced by it in any appreciable degree. The amount of expense sworn to by Calkins was $330 for the lowering and re-laying two drains. The compensation awarded was $350, leaving several items of damage, as to which we have no means of knowing how much was allowed, but the right to which was as manifest as to that for cutting off the drains.

The objection of the counsel of the gas company was properly overruled.

I am unable to discover any well-founded objection to the evidence. It related to the history of the proceedings of the company on Calkins' land, and was for that reason admissible ; neither do I discover how it could benefit Mr. C. No claim for damages was based upon it. It was entirely harmless. Two of Calkins' witnesses were permitted to testify in opposition to the objection of the counsel of the company as to the amount of depreciation of the farm by reason of laying the gas-pipes therein.

Conceding this evidence to be incompetent, it is quite evident that it had no influence upon the minds of the commissioners. The witnesses estimate the depreciation at $1,000, and yet the commissioners allow but $350.

The evidence in relation to the effect of escaping gas on vegetation was proper on cross-examination of the petitioner's witnesses, in order to test the correctness of their estimate of damages.

They had testified that laying the pipes did not injure the land, and it was competent for the owner to inquire whether they took into account injury to vegetation from escaping gas.

The report should be affirmed.

*Report affirmed.*