THE PEOPLE EX REL. ALFRED A. HOWLETT AND OTHERS v. THE MAYOR, ETC., OF THE CITY OF SYRACUSE.

*City of Syracuse — charter of — local assessment under — city must bear part of expense — benefit to property — how determined.*

Section 4 of title 8 of the charter of the city of Syracuse, provides that the commissioners, appointed to assess the amount awarded for damages upon the property benefited by a local improvement, shall " direct such part of said expenses to be assessed upon the city, and such part locally, as they shall deem just."

*Hayden v. Palmer, 7 Hill, 385.

*Held,* that the legislature intended that a portion of the expenses should be borne by the city, and the residue only by the owners of the property benefited. The only discretion vested in the commissioners, was that of apportioning the burden between the owners and the city, and they had no power to exempt either from all contribution thereto.

The charter required the commissioners to assess that part of the expense, to be borne locally, "upon the property benefited by such improvement, in a just and equitable manner, as near as may be in proportion to the benefits received." *Held,* that the statute did not authorize any exemption or deduction in favor of property, which, for the time being, was used for religious purposes.

*Matter of Mayor* (11 Johns., 77) overruled.

The general rule for determining benefits, is to ascertain the market value of the property, with and without the improvement.

CERTIORARI to review the proceedings of the common council of the city of Syracuse, in confirming an assessment for local improvements.

Certain property in the city of Syracuse was taken for the purpose of extending a street, and the property benefited by the improvement, was assessed for the damages sustained by the owners of the property taken. Among the property assessed was land belonging to the Presbyterian church. From the return of the commissioners, it appeared that the church held its lands in fee with the usual powers of alienation, and that such lands fronted on Salina street, and were of equal or somewhat greater value per front foot than those which adjoined them on the south. That in making the assessment, the commissioners took into account the fact that said church was used for church purposes only, and other property for commercial purposes. That they also took into account, in their assessment, that the improvement removed from one Dillaye's property, and other property adjoining him on the south, an extensive barn building and stable, which were in dangerous proximity to said property. That no part of the expense was assessed upon the city, because they deemed the improvement to be entirely local in its benefits, and that it was not just to assess the city at large therefor.

*I. G. Vann* and *L. W. Hall,* for the relators.

*A. H. Green,* for the respondent.

GILBERT, J. :

The return in this case presents two errors, which are too palpable to be overlooked. First. No part of the expense of the improvement has been assessed upon the city, whereas the statute * made . it the duty of the commissioners, " to direct such part of said expenses to be assessed upon the city, and such part locally as they should deem just." The legislature clearly declared a rule of assessment, whereby a part of the expenses should be borne by the city corporation, and the residue, only by the owners of property benefited. The only discretion on this subject, vested in the commissioners, was that of apportionment between the owners and the corporation. They had no power to exempt either from all contribution to the burden. The statute is imperative ; and whether the legislation is wise or expedient, is a question with which neither the commissioners nor this court have anything to do. Laws in derogation of private rights must be strictly pursued. Second. The commissioners applied a rule of apportionment among the owners of property benefited, much more favorable to a religious corporation than other owners, whereas the statute† required the commissioners to assess that part of the expense, to be borne locally, " upon the property benefited by the improvement, in a just and equitable manner, as near as may be in proportion to the benefits received." The general rule for determining these benefits, is to ascertain the market value of the property, with and without the improvement.‡ The commissioners return that " the land belonging to the church is of equal or greater value than that which adjoins it on the south," and yet they assessed the latter nine times as much as the former. The statute does not authorize such an exemption in favor of property, which, for the time being, is used for religious purposes ; and the case in 11 Johnson's Reports, so far as it asserts a contrary principle, must be deemed overruled by the subsequent cases which have been cited.

We are inclined to think also, that the commissioners erred in

---

* Charter, § 4, title 8.                                      † *Ubi supra.*

‡ Re Furman Street, 17 Wend., 649; Re William and Anthony Streets, 19 id., 690; Troy & Boston R. R. Co. v. Lee, 13 Barb., 169.

taking into consideration the effect of removing the barn. The assessment must be set aside.

Assessment set aside.