PEOPLE *ex rel.* VAN SICKLE V. ELDRIDGE.

*Estate — title to minerals in soil separate. Highways — damages for opening — measure of. Justice of the peace — duties in highway proceedings.*

A highway was laid out over lands .containing gypsum, which gypsum, with the right to remove the same, belonged to another than the owner of the soil. *Held,* that the owner of gypsum had an estate distinct from that of the owner of the soil, and, as such, was entitled to damages.

In such case the measure of damages is the difference between the value of the estate with the road and the value without the road laid out.

In proceedings for re-assessment of damages for laying out a highway the duties of the justice of the peace are mainly, if not wholly, ministerial; the jury are the judges of both the law and the facts, and their verdict will be reviewed only in case of manifest irregularity in proceedings, or of clear violation of principle in the assessment of damages.

CERTIORARI to review proceedings had upon the assessment of damages for laying out a highway.

The certiorari, which was a common-law one, was allowed upon the relation of William H. Van Sickle against Henry Eldridge, a justice of the peace, before whom the proceedings were had. The objection on the part of the relator was to the allowance of certain damages to James Fitch, who owned the gypsum, etc., upon, and the right to remove the same from the land over which the highway was laid out. Sufficient facts appear in the opinion.

*James R. Cox,* for relator.

*E. Wood,* for defendant.

Present — MULLIN, P. J., E. DARWIN SMITH and DWIGHT, JJ.

DWIGHT, J. The claimant was the owner of the gypsum or plaster upon the lands over which the road was laid out, with the right to raise and remove the same. This was an estate or interest in the lands distinct from that of the owner of the soil, which gave to its possessor an undoubted right to damages to the extent to which his estate or interest was injuriously affected by the laying out of a highway over such lands.

The measure of damages apparently adopted by the jury was the correct one, viz., the difference between the value of the claimant's

People ex rel. Van Sickle v. Eldridge.

estate or interest with the road and its value without the road as laid out. *Matter of Furman St.*, 17 Wend. 649; *T. & B. R. R. Co. v. Lee*, 13 Barb. 169.

Counsel for the relator urged that the claimant should be allowed only what it would probably cost him to remove the road from its official location while excavating the plaster beneath it, and to restore it to such location after the excavation was complete. Of course this is out of the question. No individual is at liberty to deal in this manner with the highways of a town, and after making an excavation of from 18 to 27 feet deep it would be difficult to restore the road to its former condition.

It was no error for the justice of the peace to refuse to charge the jury, even if it had been good law that he was requested to charge. No justice of the peace is required to charge a jury in an action tried before him. But in this statutory proceeding for the re-assessment of damages, the jury are especially the judges both of the law and the fact. The duties of the justice are mainly, if not wholly, ministerial. He can hardly be said to act judicially in any part of the proceeding. He issues his summons for twelve persons, already selected without his intervention, as jurors; draws by lot six of the number to act in the proceeding; administers the oath to them and to the witnesses produced before them, and certifies their verdict to the commissioners of highways. The jury *view the premises*, hear the parties and witnesses and render their verdict under their hands, "and the same shall be final." Laws of 1847, chap. 455, §§ 4, 5, 6.

It is only in case of manifest irregularity in the proceedings or of clear violation of principle in the assessment of damages that such a verdict will be disturbed. No such error or irregularity seems to have occurred in this case.

The writ of certiorari will be quashed and the proceedings confirmed.

*Ordered accordingly.*