IN THE MATTER OF THE APPLICATION OF THE BLACK RIVER AND MORRISTOWN RAILROAD COMPANY, RESPONDENT, *v.* HENRY BARNARD, APPELLANT.

*Railroad company — taking of land by — compensation for — determined by considering detriment to land owner, not benefit to railroad company.*

Where land is taken for railroad purposes under the statute, the proper inquiry for the commissioners is, what is the fair marketable value of the whole property, and what will be the fair marketable value of the property not taken; the difference will be the true amount of compensation to be awarded.

A railroad company, after expending over $5,000 in making a rock cutting and constructing embankments, abandoned the route. These proceedings were instituted to acquire title to this land from the appellant, who had purchased it from the old company. The commissioners allowed him only $525. *Held*, that he was not entitled to receive the amount expended by the old company, but only the fair market value of the land taken; that it was not the advantage to the company, but the detriment to the land owner, for which compensation was to be made.

APPEAL from the appraisal and report of the commissioners appointed to ascertain and appraise the compensation to be made to the appellant, for lands to be taken by the Black River and Morristown Railroad Company.

*I. McNaughton*, for the appellant.

*D. Bearup*, for the respondent.

BOARDMAN, J.:

This proceeding was instituted to ascertain the amount to be paid defendant, Barnard, by reason of the taking of certain lands of his for railroad purposes. Before Barnard owned the farm of which the lands condemned were part, a railroad company had made a rock cutting and filling with culverts upon such farm, at an expense of $4,000 or $5,000. The enterprise was afterwards abandoned. Barnard purchased the farm upon which such work had been done. Afterwards, the Black River and Morristown Railroad Company, which I shall call the plaintiff for convenience, was organized under the general railroad act, and located a part of its road-bed through the said rock cut, and over said culverts and embankment

or filling. On the hearing before the commissioners to appraise the defendant's damages, the defendant claimed the value of the work and labor formerly expended upon such rock cutting, culverts and embankment because it was of great value to plaintiff, and was so available as to save the plaintiff the cost and expense of doing the work. The commissioners, however, only allowed defendant $525, rejecting any claim for the value or benefit to the railroad company of the banks, cuts or culverts aforesaid. In this respect the defendant claims the commissioners erred.

This case involves, therefore, the rule for the assessment of damages in such cases. By section 16 of the act of 1850 (chap. 140, as amended by chap. 282 of 1854, as amended by act of 1864, chap. 582, § 4), under which this proceeding was had, the commissioners are required to "ascertain and determine the compensation which ought justly to be made by the company to the owners or persons interested in the real estate appraised by them; and in fixing the amount of such compensation, said commissioners shall not make any allowance or deduction on account of any real or supposed benefits which the parties interested may derive from the construction of the proposed railroad or the construction of the proposed improvement connected with such road, for which such real estate may be taken." The act of 1854 is substantially a copy of the act of 1850 (p. 211), so far as these proceedings are concerned. Under this, the only statute upon the subject, the duties of the commissioners have been repeatedly considered. In *Albany Northern R. R.* v. *Lansing* (16 Barb., 68), it is held that the commissioners shall allow full compensation for the land taken, including damages to adjacent lands. HARRIS, J., says: "Whether the land taken was to be used for a railroad or a garden was a question, so far as compensation was concerned, with which the commissioners had nothing to do." The proper inquiry from the commissioners is: what is the fair marketable value of the whole property and then what will be the fair marketable value of the property not taken; the difference will be the true amount of compensation to be awarded. (*Troy and Boston R. R.* v. *Lee*, 13 Barb., 169; *Matter of Furman St.*, 17 Wend., 649; *Can. and N. F. R. R.* v. *Payne*, 16 Barb., 273; *Roch. and Syr. R. R.* v. *Budlong*, 6 How Pr., 467.)

It is evident, therefore, that the law intends to provide compensation to the landowner for the damage he may suffer by reason of his lands being appropriated to railroad uses. That is all the owner should have. The condemnation of private property for public use is not intended to benefit the individual. Nor is the public, or in this case the railroad company, called upon to pay the owner for advantages which may accrue to it by reason of the location of its road. The expenses incurred by a defunct corporation years ago, can, upon no just principle, be charged to this plaintiff. The changes then made attached to and became a part of the real estate in the hands of defendant's grantor. Defendant bought the land in its modified shape as real estate. It is now taken by plaintiff as real estate and upon the same basis of value as would be the crossing of a stream, which, at the point selected, would cost much less for bridging than any other available point on the stream. It is not the advantage to the railroad company but the detriment to the landowner.

The commissioners were, in my judgment, correct in their construction of the law and in the discharge of their duties.

Proceedings and order affirmed.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Proceedings and order affirmed, with costs.