27  409
129a 273
27  409
  8ap295
27  409
39ap592
27h 409
52ad 34

IN THE MATTER OF THE OPENING OF BOSTON ROAD.

*Damages for the taking of land by a railroad — review of the judgment of the commissioners on appeal — not reversed on the ground that they have erred in their judgment as to value.*

As, in determining the damages to be awarded to the owners of land taken for the purpose of a railroad, the commissioners have the right to decide not only upon the evidence laid before them but also upon their own view of the premises; and as therefore all the evidence cannot be brought before an appellate court, it is impossible for that court to determine whether, upon all the facts existing before them, the judgment of the commissioners was right or wrong.

An award of the commissioners will not be vacated on the ground that they have been guilty of an error of judgment in valuing the property taken, unless the sum allowed be grossly inadequate and unequal as compared with other valuations, or unless some wrong principle was adopted in determining it.

APPEALS by Harford B. Kirk, Charlotte S. Garrigue and Thomas Minford from an order made at a Special Term confirming the report of commissioners of estimate and assessment.

*John C. Shaw*, for the appellant Kirk.

*Brown & Westcott*, for the appellant Garrigue.

*Meyer Butzel*, for the appellant Minford.

*W. C. Whitney*, for the respondents the Mayor of New York and Commissioners of Estimate and Assessment.

BRADY, P. J.:

These appeals may be disposed of together for the reason that the rule by which the conduct of the commissioners is to be considered and approved, or disapproved, applies to the case of each appellant. In other words, the principles involved are precisely the same. Mr. Kirk objects to the small amount allowed him for the injury to his building and for the damages occasioned to it by the line of the improvement. Mrs. Garrigue objects to the amount allowed for damages to her house. Mr. Minford objects to the amount allowed him for the injury to the wall extending along the line of his premises.

In disposing of these various objections the learned justice presiding at the Special Term said, substantially, that when commissioners not only have the right to decide on the evidence before them, but on their own view of the premises in addition, it seemed to him that there was nothing in the case on which the report could be disturbed; and that, although he might have awarded more, he could not determine that the report was against the evidence.

The difficulty in correcting errors of the kind asserted arises from the peculiar character of the statute under which the proceeding is taken, and the power that is vested in the commissioners as inter-

preted by a series of decisions which have been guides for a number of years. In the case of *William and Anthony Streets* (reported in 19 Wend., 694) the court said in reference to the commissioners : " The evidence upon which they form conclusions may be put upon paper and submitted to the court for consideration ; but it is not so, or, at most, only to a very limited extent, in relation to the proceedings of these commissioners. They are selected not only with reference to their integrity and general capacity for business, but on account of the knowledge which they are supposed to possess concerning the particular duty which they are appointed to discharge. Such information as they have in relation to the value of property taken and the probable effect of the improvement upon other property in the same neighborhood, in whatever way the information may have been obtained, they are at liberty to use." And again : " The very first thing which is required of them by law, after taking the oath of office, is to view the premises affected by the improvement. (Sec. 178.) They are thus to acquire information, and that, too, of the most important character, which there are no means of bringing before this court ; and beyond this I entertain no doubt that the commissioners may take the opinion of others, in whose integrity and judgment they have confidence, without swearing them as witnesses ;" and, further, "they may converse with all classes of men concerning the business in hand, and collect information in all ways which a prudent man usually takes to satisfy his own mind concerning matters of the like kind where his own interests are involved in the inquiry. The commissioners must exercise their own judgment at the last, but they must first seek light from other minds the better to enable themselves to arrive at just conclusions. When the original jurisdiction is exercised in this manner it is impossible that there should be anything like a regular judicial review." And again : " For ought that we can know the judgment expressed by the commissioners upon questions of value may combine the opinions of a hundred men, who are in all respects as well qualified to form just conclusions as those who make opposing affidavits." And again : " If in any case they take testimony of witnesses in relation to value it is but an item in the account which may go to qualify but cannot control their own opinion." " How, then, is it possible," said the court, " that we can disturb the report

upon mere questions of value on the single ground that five, ten, or even twenty reputable men have sworn to opinions at variance with the judgment of the commissioners?"

The same doctrine is enunciated in the *Troy and Boston Railroad Company* v. *Lee* (13 Barb., 171), and, also, *In the Matter of the Commissioners of Central Park* (51 id., 277), where there was evidence showing that the commissioners had made an award to an owner that was from $21,000 to $36,000 less than what the witnesses believed to be the actual value of the land taken, yet the court declared that it had no authority to interfere and send the report back. Judge INGRAHAM, who was very familiar with all questions arising under the act of 1813, said: "It has been long since settled, and has uniformly been acted upon by this court, that a mere error of judgment in the valuation of property taken was not the subject of review on a motion to confirm the report unless the sum allowed was grossly inadequate and unequal as compared with other valuations, or unless some wrong principle was adopted as to the amount allowed." He said also: "There are good reasons why such a rule should be enforced. The commissioners have the opportunity of examining the property, of seeing its location and condition, its adaption to use and of inquiry as to value not in the power of the court; and the result of such examinations and inquiries cannot be brought before the court."

The views thus expressed present the controlling rules by which reports of commissioners in kindred matters shall be considered are in no way limited or altered by the decision *In the Matter of the Opening of Sixty-seventh Street* (reported in 60 How. Pr., 265). Judge DANIELS, in that matter, determined to send back the report upon the ground that the commissioners acted upon an erroneous principle and committed therefore an error of law, which is very different from the commission of errors of fact. An examination of the papers submitted on these appeals, respectively, although it would certainly justify the conclusion in the abstract upon the testimony contained in them that the awards to each one of the appellants for the damage particularly considered are totally inadequate, yet, as already suggested, the whole testimony is not before the court and we are not enabled to say that the sum allowed was greatly inadequate and unequal as compared with other awards and thus to

bring the objection within the exception stated by INGRAHAM, J., (*supra*). It is impossible therefore to determine, upon all the elements existing, whether the judgment of the commissioners was right or wrong.

Legislation would seem to be necessary to create a system of review which would enable parties believing themselves injured by erroneous awards to present the whole case to the court, whether it would be of any practical value or not, may be questionable, because the view of the premises and such information in regard to them as may be obtained in an informal manner doubtless has very great value. It is not possible, however, under the existing circumstances and rules of law, to interfere with the order of confirmation. It must therefore be affirmed, but we think in each case without costs.

DANIELS and BARKER, JJ., concurred.

Order affirmed, without costs.