IN THE MATTER OF THE APPLICATION OF THE NEW YORK, WEST SHORE AND BUFFALO RAILROAD COMPANY, RESPONDENT, *v.* MARY CHURCH, APPELLANT.

*Report of railroad commissioners — it will not be set aside for the improper receipt by them of a communication from the counsel for the company, which did not affect their action.*

A report of commissioners appointed to appraise the damages to be occasioned by the taking of land for railroad purposes, will not be set aside for their improper action in receiving, after the submission of the case and without the knowledge of the land owner, a written statement from the counsel of the railroad containing certain computations of the value of the premises to be taken, which computation had been made orally by the said counsel before the commissioners at the hearing.

APPEAL from an order of the Erie Special Term, denying the appellant's motion to set aside the report of the commissioners herein, on the alleged grounds of the improper conduct of the commissioners and the improper interference of the respondent's counsel.

*H. C. Day*, for the appellant.

*Ansley Wilcox*, for the respondent.

SMITH, P. J.:

The proceedings were taken under the general railroad act. The alleged impropriety consisted in the sending of a letter by the counsel for the railroad company to the commissioners after the case had been submitted to them, which letter it is claimed influenced their decision. The letter does not appear in the appeal papers, but according to the uncontroverted testimony it contained nothing more than a statement of certain computations of the value of the appellant's premises, which computations had been made orally by said counsel before the commissioners on the hearing.

The sending of the letter, in the circumstances stated, was an irregularity, but in view of the proof that the contents of the communication were as above described, it is difficult to see how it could have had the effect to unduly influence the decision of the commissioners, and there is no evidence that it did have such effect.

Whether the sending of such a communication to a jury would

have required the setting aside of their verdict, is a question that does not arise in this case, and need not be considered. There are cases holding that where a jury have been approached or have misbehaved, but no injury has resulted, the verdict will not be set aside. (*Nesmith* v. *Clinton Ins. Co.*, 8 Abb., 141; *Smith* v. *Thompson*, 1 Cow., 221; *Horton* v. *Horton*, 2 id., 589; *Wilson* v. *Abrahams*, 1 Hill, 207.) But however that may be, the strict rules that are designed to protect jurors against every influence outside of the evidence that may affect their decision, are not applicable, in their full extent, to commissioners under the general railroad act. As was said by HARRIS, J., in *Troy and Boston Railroad Company* v. *Lee* (13 Barb., 169), the commissioners are required "to view the premises. Thus their own senses are made to testify. * * * Unlike a jury, they are restricted to no particular species of evidence, or any peculiar sources of information" (p. 171). It does not by any means follow that they may receive and act upon surreptitious communications from the prevailing party, but the foregoing considerations justify the conclusion that the bare fact of the reception by the commissioners of a communication from the prevailing party, of the character above described, without the knowledge of his adversary, is not to vitiate their report, where there is no reason to suppose that the result was affected thereby. (*Wethersfield* v. *Humphrey*, 20 Conn., 226; *Goodwin* v. *Wethersfield*, 43 id., 439.)

The order appealed from should be reversed, with ten dollars costs and disbursements.

HARDIN and BARKER, JJ., concurred.

So ordered.