In the Matter of the Application of the CITY OF ROCHESTER, to Acquire the Permanent and Perpetual Right to Draw from Hemlock and Canadice Lakes an Amount of Water Sufficient for the Use of Said City and its Inhabitants, not Exceeding Nine Millions of Gallons Per Day.

*Evidence — when the opinion of a witness, as to the damages occasioned by a diversion of water, may be considered by commissioners appointed to appraise damages.*

Appeal from the awards made by commissioners appointed in proceedings instituted by the city of Rochester, under chapter 67 of 1881, to acquire, as against certain riparian owners adjacent to the outlet of Hemlock lake and Honeoye creek, the right to take water therefrom to the extent of 9,000,000 gallons daily. Upon the hearing before the commissioners, witnesses, who were familiar with the property and competent to give their opinions as to its value in the condition in which it was before the water of the lake was diverted from the stream, and with the condition of the outlet and creek and the flow of water in them prior to and since the diversion of the water, were asked and allowed to state what, in their judgment, would be the fair value of the property, assuming that the city had not interfered with the flow of water in the stream. They were then asked and allowed, against the appellant's objection and exception, to answer the question: "How much, in your judgment, would that property be worth after acquiring to the city of Rochester the permanent and perpetual right to draw from Hemlock and Canadice lakes nine million gallons of water a day."

The appellant objected to the question upon the grounds that the subject of inquiry was not a matter of opinion, and that as the city had then drawn only from 2,000,000 to 5,000,000 gallons a day the witness had, and could have had, no experience in regard to the condition of things assumed by the question.

*Held,* that it was proper to allow the witness to answer the question.

In proceedings of this character the strict rules applicable to the trial of issues of fact in actions do not apply in respect to the effect of the admission of incompetent evidence, unless it may be seen that the error was prejudicial to the appealing party.

Appeal by the city of Rochester from the appraisal and report of the commissioners appointed in this proceeding, and from the order of the Monroe Special Term confirming such report.

By chapter 754 of the Laws of 1873, the board of water commissioners of the city of Rochester were authorized, as agents of the city, to enter upon, control and use the waters of Hemlock and Canadice lakes, for the purpose of procuring a water supply

for the city. The water commissioners proceeded to construct works for the taking of water from Hemlock lake for such purpose, and completed them early in 1876, by which water was taken from the lake for the purposes of such supply. This lake is situated in the county of Livingston, and about thirty miles from the city of Rochester. Its outlet receives the water from the outlet of Canadice lake, and further on empties into Honeoye creek, which proceeds to and enters the Genesee river. In 1878 the riparian owners along the outlet of Hemlock lake and Honeoye creek commenced actions against the city of Rochester to recover damages alleged by them to have been suffered by reason of the taking of the water from the Hemlock lake to supply the city, and it was finally determined in one of those actions that the city was liable. (*Smith* v. *City of Rochester*, 92 N. Y., 463.) And pursuant to chapter 67 of Laws of 1881, this proceeding was instituted in 1884, to acquire as against the riparian owners of twenty-two parcels of land adjacent to the outlet of Hemlock lake and Honeoye creek, the right to take water from those lakes, and Horace V. Howland, James T. Gardner and Charles C. B. Walker were appointed commissioners to appraise the damages. They viewed the premises, heard the evidence and made their report, whereby they awarded damages to the landowners severally, amounting in the aggregate to $95,485, and from it and the order of confirmation this appeal is taken.

*John N. Beckley*, for the city of Rochester, appellant.

*Theodore Bacon*, for George R. Smith and others, respondents.

BRADLEY, J.:

The question presented for the consideration and determination of the commissioners was, to what extent the properties in question were depreciated in value for hydraulic purposes by the exercise by the city of Rochester of the right to perpetually take, daily, 9,000,000 gallons of water from Hemlock lake? And this depended upon the reduction of the flow of water in the outlet of such lake and in Honeoye creek. The premises in question were located along such outlet and creek, and were occupied by mills and manufactories operated by the water of those streams. And it is claimed by these

riparian owners that their water rights and privileges appurtenant to their property unimpaired by this diversion were of much value, and that the appropriation by the city of the water to the extent in view will so diminish the supply for their mills as greatly to impair their use and depreciate the value of the property. Very much evidence was given bearing upon that question and presenting a diversity of views in that respect. The record presents some very interesting and instructive evidence of a scientific character on this subject given by learned civil and hydraulic engineers, to which it is unnecessary to refer specifically for the purposes of the questions here, and some found in the opinions of witnesses as to the difference in value between the properties without and with the appropriation of the water of the lake. There is evidence of damages both very much above and below the amounts awarded. It is contended by the learned counsel for the petitioner that the commissioners were governed by erroneous principles in reaching their conclusion, and that it was caused mainly by the reception of the opinions of witnesses in respect to the depreciation in value produced by the appropriation of 9,000,000 gallons of water daily from the lake, against his objection. And it is insisted that such opinions were incompetent as evidence and furnished no legitimate guide to the estimate of the compensation to which the respondents were entitled. Witnesses called on the part of the respondents were asked: First. " Assuming that the city of Rochester had not interfered with the flow of water in that stream, what, in your judgment, would be the fair value of the (specified) property as it stands?" Which was answered without objection. Second. "How much, in your judgment, would that property be worth after acquiring to the city of Rochester the permanent and perpetual right to draw from Hemlock and Canadice lakes 9,000,000 gallons of water a day?" To this question objection on the ground that it is not a matter of an opinion, and that the witness has had, and can have, no experience in regard to the condition of things assumed by the question, was overruled and exception taken.

In proceedings of this character the strict rules applicable to the trial of issues of fact in actions do not apply in respect to the effect of the admission of incompetent evidence. The departure from established rules of evidence in such proceeding may not affect.

the award, unless it may be seen that the error was prejudicial to the appealing party. The question usually in such cases, is whether or not an erroneous principle has been adopted or applied in reaching the conclusion. And when incompetent evidence has been received, or that which should have been admitted is excluded, it may give apprehension that its effect has led to error in the result and, therefore, the rules of admissibility of evidence should be carefully observed in cases of this character. (*Troy and Boston R. R. Co.* v. *Lee*, 13 Barb., 169; *Troy and Boston R. R. Co* v. *Northern Turnpike Co.*, 16 id., 100; *In re Bushwick Avenue*, 48 id., 9.)

The proper subject of inquiry by the commission was the difference in value of the property involved without and with this diversion of water, and the evidence in question was directed to the correct rule for the measurement of compensation to the riparian owners. (*Matter of Utica, etc., R. R. Co.*, 56 Barb., 456; *Matter of P. and E. R. R. Co.*, 63 id., 151; *Matter of N. Y. C. and H. R. R. R. Co.*, 15 Hun, 63; *Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y., 423.) The witnesses were familiar with the property as to which they testified, and competent to give their opinions of its value in the condition it was before water of the lake was diverted from the stream. They were also acquainted with the condition of the outlet and creek and the flow of water in them prior to 1876, and since then; and in making their estimate of the reduced value which will be occasioned by the diversion increased to 9,000,000 gallons daily, they were required to assume some and what depreciation in quantity of water was thus produced in the stream, and the effect of such reduction in its propelling power of machinery on the premises. This was wholly a matter of judgment and was not susceptible of accurate demonstration. The city had, since 1876, been taking from the lake from 2,000,000 to 5,000,000 gallons per day, and the effect which had been produced upon the waters of the creek by such appropriation was a controverted fact. No system of calculation, however scientifically made, could furnish exact information of the effect upon the stream from year to year in perpetuity of the taking of 9,000,000 gallons of water from its source of supply.

The considerations and natural causes which do, may and will

exist and intervene to defeat accuracy in calculation are numerous, and cannot be embraced with certainty in any system of estimate or calculation. But this does not necessarily defeat the competency of the judgment of men in aid, to more or less extent, of the way to a conclusion. The difficulty of forming an opinion does not necessarily exclude the expression of judgment from consideration. It must be conceded that where, as in this instance, the supply of water is not superabundant, the consequence of diversion of such a quantity from the stream is an injurious reduction of its propelling power, and, therefore, depreciates to some extent the value of the property dependent upon or entitled to its flow for the purpose of operating machinery. This extent and its consequences must now rest mainly in judgment; and however difficult it may be to form an accurate opinion, the exigencies would seem to justify it. The competency of an opinion does not necessarily depend on its value, but upon the fact that the subject is one which permits it. The judgment of value of property is competent, because a mere description cannot intelligently convey the knowledge that a person may have in that respect. If a correct condition of the water in the stream could be assumed, there would, perhaps, be no contention but that an opinion might be expressed of the value of the property on such assumption. This creek is not so wide or so deep as that it can be said, as matter of law, that the estimate of the effect produced upon the flow by the withdrawal of 9,000,000 gallons per day is merely confusion and speculative. The familiarity of men with the stream and its operation for many years, renders them able to speak of such effect and its consequences with more approximate accuracy in their estimate than could the commissioners, who were not so familiar with the situation. And this knowledge, not common to others, and the fact that the value affected by all the conditions and consequences so occasioned is not fairly susceptible of transmission by a mere relation of facts, bring it within the rule which permits the expression of opinion or the evidence of experts. (*Conhocton S. R. Co.* v. *B., N. Y. and E. R. R. Co.*, 3 Hun, 523; *Rochester and S. R. R. Co.* v. *Budlong*, 10 How., 290.)

The cases cited by the counsel for the petitioner are distinguishable from the question presented in this case. And most of them

were actions at law where the strict rule of admissibility of evidence was necessarily applied. Here the evidence was given upon the question of the present value of the property in view of the definite right sought to be acquired to the prejudice of such property. And while it may have less certainty than opinions of witnesses as to value of land remaining after that taken for a railroad, in view of all the circumstances arising out of the taking of the land and the future operation of the road; yet the difference is one of degree for the consideration of the acting tribunal and not a distinction going to competency.

It was the duty of the commissioners to personally view the premises, and they did so. The means thus furnished was properly for their use in the disposition of the case. The opinions of the witnesses, whether of more or less value in their view, were properly received for their consideration. Whether the opinions of witnesses are or are not entitled to much consideration on the question of value of property depends upon the circumstances of each case. They frequently are not unless guided by known current market values, but they are a necessity in the matter of determination of rights relating to property. And although diverse they furnish some aid to judicial action. A commission selected to ascertain and award compensation for property taken or affected, with the duty to take a personal view of the situation, are supposed to obtain from their observation and other evidence the requisite information to satisfy their judgments and to properly guide them to a correct result. And unless it appear, or may from some cause be inferred, that they have been led to a conclusion by an erroneous principle, or in view of all the evidence that the result fails to represent what is fairly just between the parties, their award will not usually be disturbed. (*In re Williams and Anthony Streets*, 19 Wend., 678, 694.) The commissioners have adopted neither extreme which the respective parties, by their evidence, sought to prove as the measure of compensation.

We fail to find any occasion to conclude that the commissioners have not faithfully observed correct principles in the consideration of the case on the merits. And no reason appears to challenge the correctness of their judgment in giving to the proceeding the result represented by the awards.

The appraisal and report and the order of confirmation should be affirmed, with costs.

Smith, P. J., Barker and Haight, JJ., concurred.

Appraisal, report and order of confirmation affirmed, with costs of appeal in one proceeding only.