IN THE MATTER OF THE APPLICATION OF THE STATEN ISLAND RAPID TRANSIT COMPANY, RESPONDENT, TO ACQUIRE TITLE TO CERTAIN REAL ESTATE OF ANTONIO LAZZARI, OWNER, ETC., APPELLANT.

*Commissioners to appraise land to be taken by a railroad — their powers and duties stated.*

Commissioners to appraise lands, proposed to be taken by a railroad company, are selected with special reference to their fitness for the position and the duties they are expected to discharge, and such information and experience as they have themselves may be brought to their aid and used to assist them in the performance of their office, and upon viewing the premises to be affected, their senses are made to testify to them in a most beneficial manner. They may also seek information from all available sources by inquiries prosecuted by them alone, in the absence of the parties, in as full and ample a manner as a private individual may do where his own interests are involved.

They are untrammelled by technical rules of evidence and unrestricted in respect to their sources of information, and at the last they must be governed by their

own judgment, which is not to be controlled or outweighed by the opinion of witnesses, however numerous they may be. But a small portion of the evidence upon which commissioners act in the formation of their awards can be placed before the appellate court, and there can, therefore, be no regular judicial review when the original jurisdiction is exercised in such a manner.

*Matter of the New York, West Shore and Buffalo Railroad Company* v. *Yates* (18 Weekly Dig., 272) disapproved and not followed.

APPEAL by Antonio Lazzari from the report and appraisal of commissioners appointed to condemn his land for the purposes of the Staten Island Rapid Transit Railroad Company, and from the order confirming the same. The commissioners allowed for the part taken $1,350. This award the appellant claimed to be so grossly inadequate upon the undisputed evidence in the case, that the conclusion was irresistible that the commissioners had erred either by the application of some erroneous principle to the appraisal or were chargeable with prejudice, negligence or ignorance in making the award. The appellant claimed that the commissioners also erred in their rulings in the admission and rejection of testimony.

*George J. Greenfield* for the appellant.

*MacFarland, Boardman & Platt* for the respondent.

DYKMAN, J.:

This is an appeal from the report of commissioners to appraise land proposed to be taken by the railroad company and from the order confirming the same.

The great complaint of the appellant is against the size of the award, and the counsel who argued the appeal with great zeal and ability, urged its inadequacy as a reason why it should be set aside and a new commission appointed. No complaint is lodged against the commissioners of fraud, misconduct, irregularity or mistake, and their award is challenged solely on the ground of inadequacy in amount. In this state of the case we can only say what has been said many a time and oft, respecting these appeals from the awards of commissioners, which are based upon the inadequacy of the compensation awarded.

Such commissioners are selected with special reference to their fitness for the position and the duties they are expected to discharge, and such information and experience as they have themselves may

be brought to their aid and used to assist them in the performance of their office, and upon viewing the premises to be affected their senses are made to testify to them in a most beneficial manner. They may also seek information from all available sources by inquiries prosecuted by them alone in the absence of the parties in as full and ample a manner as a private individual may do where his own interests are involved. They are untrammeled by technical rules of evidence, and unrestricted in respect to their sources of information, and at the last they must be governed by their own judgment, which is not to be controlled or outweighed by the opinion of witnesses, however numerous they may be.

These views are sustained by the following adjudicated cases: *Matter of William and Anthony Street* (19 Wend., 678); *Troy, etc., Railroad Company* v. *Lee* (13 Barb., 169).

But a small portion of the evidence upon which commissioners act in the formation of their awards can be placed before the appellate court, and there can therefore be no regular judicial review when the original jurisdiction is exercised in such a manner. Besides all this a full and careful examination fails to manifest this award as grossly inadequate, as the appellant claims, and we are by no means certain that injustice has been done.

The testimony of Mr. Bordman, of which complaint is made, was excluded from this case and therefore forms no proper part of the record, and awards are not usually set aside for technical errors. (*Matter of N. Y., Lackawanna and W. R. R. Co.*, 27 Hun, 151.)

As we understand the decision of the court in the *Matter of the New York, West Shore and Buffalo Railroad Company* v. *Yates*, reported in the 18th Weekly Digest, 272, it is not in conflict with the foregoing views, but if it be so it cannot be considered a controlling authority.

The opinion leaves out of view a very essential and important element in the formation of the commissioners award. It ignores entirely the exercise of the judgment of the commissioners to which each party is entitled, and which may and indeed should control their final determination.

PRATT, J., concurred; BARNARD, P. J., not sitting.

Order confirming award affirmed, with costs and disbursements.