JOHN J. BAGLEY v. THE PEOPLE.

*Obstructing alleys.*

Alleys are not public highways and cannot be governed by the same rules. They are for the accommodation of abutting owners, and the public has no general right of way through them.

Obstructing the use of an alley is not a public wrong, but if willful may cause such injury to individuals as will support an action for private remedy.

A platform built in an alley, at the rear of a store, for convenience in transferring goods cannot be assumed, as matter of law, to be an obstruction or a nuisance.

Certiorari to Recorder's Court of Detroit. Submitted April 14. Decided April 21.

COMPLAINT for encumbering alley. Respondent was convicted.

*Wisner & Speed* for plaintiff in certiorari. The reasonable and proper use of a way depends largely upon the local situation and upon public usage, *Clark v. Ice Company* 24 Mich. 512; *O'Linda v. Lothrop* 21 Pick. 292; *Gahagan v. B. & L. R. R.* 1 Allen 187; *Chamberlain v. Enfield* 43 N. H. 356; *Barling v. West* 29 Wis. 308; *Mathews v. Kelsey* 58 Me. 56; *Com. v. Passmore* 1 S. & R. 217.

*F. G. Russell* and *F. A. Baker* for defendant in certiorari. What constitutes an obstruction of a way is a question of fact, *Beecher v. People* 38 Mich. 289.

MARSTON, C. J. An alley can in no proper or legal sense be considered as a public highway, or be governed by rules relating thereto. While the city may have and undoubtedly has, certain limited rights therein for municipal purposes, yet the public have no general right of way over or through the same. It is designed more especially for the use and accommodation of the owners of property abutting thereon, and to give the public the same un-

.qualified rights therein that they have in and to the use of the ' public streets would defeat the very end and object intended. *Paul v. Detroit* 32 Mich. 110.

Any obstruction to the right of passage through or to the proper use of any alley by those entitled thereto cannot therefore be considered as a public wrong. The grievance, if any, is an individual one, for which there may, for a willful or unnecessary obstruction, be a private remedy.

Neither do we think the court could assume as of course that the platform complained of was an obstruction,—certainly not a nuisance. On the contrary it may have been a very great convenience to the owner or occupant of the property, and have advanced the very interest and purpose such ways are intended to subserve, by affording means of expediting business done there, very materially, or at all events not causing any unusual inconvenience to the other occupants of the same block in their legitimate use of the alley.

The judgment must be set aside and the proceedings quashed.

The other Justices concurred.