It may be added that it was a matter of discretion with the surrogate which this court cannot well reverse.

The order appealed from should be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Order affirmed, with costs.

In the Matter of the Application of THOMAS F. GILROY, Commissioner of Public Works, to Acquire Certain Real Estate.

*Proceedings under chapter 490 of 1883 — commissioners not entirely concluded by the oral testimony.*

The commissioners appointed under chapter 490 of the Laws of 1883, in proceedings instituted thereunder to acquire lands in Westchester county for a storage reservoir, are not entirely bound by the oral testimony given in the matter, and their report making an award must stand, unless it is apparent that the sum awarded is so grossly inadequate as to afford evidence of partiality, fraud or undue influence.

An appellate court will not set aside an assessment by commissioners, except in extreme cases where the same is clearly proved to be grossly inadequate, or where it appears that the commissioners fell into some error in their estimates or adopted some erroneous principle, and the fact that a landowner may have had the greater number of the witnesses testifying in his favor is not sufficient to overcome the opinions of the commissioners.

APPEAL by the property owners, Mary W. Purdy and others, as executors and successors in interest of Isaac H. Purdy, deceased, and Isaac Purdy, individually, from an order of the Supreme Court, made at the Dutchess Special Term and entered in the office of the clerk of the county of Westchester on the 7th day of January, 1893, confirming the report of commissioners of appraisal.

*F. S. Bangs*, for the claimants, appellants.

*William H. Clark* and *H. T. Dykman*, for the commissioners, respondent.

PRATT, J.:

This proceeding was instituted under chapter 490 of Laws of 1883, commonly known as the "Aqueduct Law," to acquire land in Westchester county for a storage reservoir.

Commissioners were duly appointed, entered upon their duties, viewed the premises, heard testimony and arguments, and made a report. The only ground upon which the report is sought to be set aside is that the commissioners failed to award a sufficient amount to the appellants to afford them "just compensation" for the property taken, and damages caused by such taking.

It is to be observed that it is not claimed that there is any irregularity in the proceeding, or that any legal principle has been violated, but simply that, upon the proofs, the award is insufficient in amount.

The evidence is conflicting, no two witnesses fully agreeing as to a proper amount, but the report in no respect is lower than the sum fixed by any witness who testified to the lowest amount, or, in other words, the report is at a sum between the highest and lowest estimate, so that, as sometimes said of a verdict, it is supported by the evidence. But it must be recognized that the commissioners were not entirely bound by the oral testimony; they saw the property, its location and capabilities, and their report must stand unless it is apparent that the sum awarded is so grossly inadequate as to afford evidence of partiality, fraud or undue influence; it must appear that the award is grossly inadequate to justify a court in setting it aside.

The rule is well settled that except in extreme cases an appellate court will not set aside an assessment, unless the same is clearly proved to be grossly inadequate, or unless it appears that the commissioners fell into some error in their estimates, or adopted some erroneous principle.

Because the landowner may have more witnesses is not sufficient to overcome the opinions of the commissioners. (*Matter of Central Park*, 16 Abb. 56; *Troy & Boston R. R. Co.* v. *Lee*, 13 Barb. 169.)

Under well-settled principles the order appealed from must be affirmed.

BROWN, P. J., concurred; DYKMAN, J., not sitting.

Order affirmed, with costs.