---

In the Matter of the Petition of ALFRED C. CHAPIN, Mayor of the City of Brooklyn, and Others, Respondents, Acting as a Commission under and in Pursuance of Section 12 of Title 12 of Chapter 583 of the Laws of 1888, as Amended by Chapter 245 of the Laws of 1891; MORITZ COHN and Another, Appellants.

*Certificate that a case contains all the evidence — when an appeal will not be dismissed by reason of the absence thereof — section 12 of title 12 of chapter 583 of 1888, as amended by chapter 245 of 1891 — when the report of commissioners appointed thereunder will not be interfered with upon appeal — constitutionality of such acts.*

An appeal will not be dismissed, for the reason that no certificate is attached to the case stating that it contains all the evidence, when a statement is made that it contains all the material evidence upon the matters involved therein.

Courts will not interfere with or set aside the reports of commissioners appointed in pursuance of section 12 of title 12 of chapter 583 of the Laws of 1888, as amended by chapter 245 of the Laws of 1891, except for some error of law or upon proof of fraud or some such glaring imperfection in the report, either of inadequacy or excessiveness, as shocks common sense and implies bias, prejudice, misconduct or want of judgment on the part of the commissioners.

Chapter 583 of the Laws of 1888, as amended by chapter 245 of the Laws of 1891, is constitutional.

APPEAL by Moritz Cohn and another from an order of the Supreme Court, made at the Kings County Special Term on the 11th day of November, 1893, as amended by an order made on the 9th day of December, 1893, and entered in the office of the clerk of the county of Kings, confirming the report of commissioners appointed to ascertain and appraise the amount of damages, if any, done to any property or interest by reason of the occupation of the public hospitals in the town of Flatbush, Kings county, pursuant to section 12 of title 12 of chapter 583 of the Laws of 1888, as amended by chapter 245 of the Laws of 1891, and also from the report of such commissioners.

This proceeding was instituted and brought to ascertain and appraise the amount of damages to any property or interest therein by reason of the erection of hospitals in the town of Flatbush, Kings county, for the reception and treatment of persons suffering from infectious and contagious diseases under the provisions of section 12 of title 12 of chapter 583 of the Laws of 1888, as amended by chapter 245 of the Laws of 1891.

*Jeroloman & Arrowsmith*, for the appellants.

*Albert G. McDonald* and *Howard O. Wood*, for the respondents.

PRATT, J.:

It is not necessary to discuss at length the motion made herein to dismiss the appeal, as the case is before the court, and may as well be examined. Neither will we notice the fact that no certificate is attached to the case, that it contains all the evidence in view of the statement which is made, that it contains all the material evidence upon the matter involved therein.

No error of law on the part of the commission seems to be raised, but the report is sought to be set aside upon the ground that the award of damages is too small and against the weight of evidence, and that the act under which the proceedings were instituted is unconstitutional.

As to the first, it is only necessary to suggest that the sworn statements of witnesses is not the only evidence in the proceedings.

The commissioners viewed the premises and arrived at their conclusions from such inspection as well as from the statements of witnesses. There was no refusal on the part of the commission to hear all the testimony brought forward by the appellants, and, so far as appears, it was duly considered. It is impossible for the court to say that the award is not adequate.

The practice is too well settled by a long line of decisions that the court will not interfere and set aside a report of such a commission except for some error of law, or upon proof of fraud or such glaring imperfection in the report, either of inadequacy or excessiveness as shocks common sense and implies bias, prejudice, misconduct or want of judgment on the part of the commission.

The case is bare of any proof to sustain the contention of the appellants that the award is in any respect illegal or that it is against the weight of evidence. As to the unconstitutionality of the act of the Legislature under which the proceeding was taken, it is only necessary to say that the points of the appellants make no suggestion, except that the award was not large enough in amount to give them just compensation. The constitutionality of an act of the Legislature does not depend upon the amount of damages, but must be determined by an inspection of the act itself.

The report should be confirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Report of commissioners affirmed, with costs.