### In re DALY.

### Appeal of HALSTEAD.

(Supreme Court, Appellate Division, Second Department. February 11, 1898.)

EMINENT DOMAIN—PROTECTION OF WATER SUPPLY—AWARD OF COMMISSIONERS.
　　Commissioners acting under Laws 1893, c. 189, relating to the protection of the water supply of New York City, have the right to be influenced, in making an appraisal for land acquired by the city, by their own inspection and examination of the property; and the fact that their award is somewhat less than the lowest valuation given by the witnesses in behalf of the city does not warrant setting aside their report on appeal, where there is nothing

to show that the result reached was not due to a proper exercise of their functions in that respect.

Appeal from special term, Westchester county.

In the matter of the application of Michael T. Daly, commissioner of public works of the city of New York, to acquire certain real estate. William I. Halstead appeals from an appraisal and report of commissioners, and from an order confirming the report. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

A. J. Adams, for appellant.

H. T. Dykman, for respondent.

WILLARD BARTLETT, J.　　The land taken from the appellant in this proceeding is a lot about 126 feet wide and 220 feet deep, on Moger avenue, in the village of Mt. Kisco, in the county of Westchester. The only building upon the premises was a barn. The amount awarded by the commissioners for the entire property, comprising the land and this building, was $2,639.29. The only ground on which this award is attacked is its alleged inadequacy. It appears to be $367.36 less than the highest valuation given by the witnesses called in behalf of the city of New York, and $72 less than the lowest valuation given by such witnesses. We do not think that the difference in either case is sufficient to justify us in setting aside the report of the commissioners. The rule is too well settled to require the citation of authority to support it, that these officers have the right to be influenced, in the appraisal which they make, by their own inspection and examination of the property to be taken; and there is nothing to show that the result reached in this case was not due to a proper exercise of their functions in this respect. Our attention is also called to the award made by the same commissioners upon parcel No. 27 at Mt. Kisco, which is said to be property near this, where the award was four times the amount which they allowed per front foot for the parcel in controversy here. Such proof as the record contains, however, as to the comparative character of the two pieces of land, indicates that the higher valuation placed upon parcel No. 27 was warranted by the presence thereon of a railroad switch, and by the somewhat superior situation of the lot; so that it is impossible for us to assert that the difference shows the present award to be inadequate.

The order appealed from must be affirmed. All concur.