MEAD, School Trustee, v. CONGER et ux.

(Supreme Court, Special Term, Albany County. January 13, 1906.)

1. EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—REPORT OF COMMISSIONERS—CONFIRMATION.

Under Code Civ. Proc. § 3371, providing that in condemnation proceedings the court may confirm the report of the commissioners, or may set it aside for irregularity or error of law in the proceedings before the commissioners, or on the ground that the award is excessive or insufficient, where the report of commissioners in proceedings by a school district to acquire land for a schoolhouse site did not show what allowance was made for the value of the land taken, or for resulting damages from the use to be made of the premises, or for the permanent maintenance of division fences, the award being general in its character, and none of the facts upon which the commissioners formed their judgment as to the amount of compensation appearing, the presumption was that the commissioners acted within the law and that the award was supported by the facts coming within the scope of their inquiry, and defendants were entitled to a confirmation of the award; the only ground of opposition thereto being that the same was excessive.

2. SAME—COSTS.

Where, in a special proceeding by the trustee of a school district to acquire land for a schoolhouse site, the award of the commission exceeded the amount offered defendant landowners for the land involved prior to the institution of the proceedings, defendants were entitled to costs.

[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Eminent Domain, §§ 690–693.]

Special proceeding by Edwin B. Mead, as trustee of school district No. 13 in the towns of Bethlehem, etc., against William A. Conger and another. On motion by defendants to confirm award of commissioners. Award confirmed.

Charles Irving Oliver, for plaintiff.
Frost, Daring & Warner, for defendant.

FITTS, J. This is a special proceeding instituted on the part of the plaintiff to acquire certain land owned by the defendants for a schoolhouse site situate on the Albany & Delaware turnpike in the town of New Scotland in this county. The quantity of land sought to be taken for this purpose is about nine-tenths of an acre, subject to a private right of way over a strip of ground about 15 feet in width on the westerly side of the lot in question. Under proper steps and proceedings a commission was appointed to appraise the land in question, and said commission has completed its work and filed its report, in which it fixed and determined the compensation to be

made to the defendants as the owners of the property sought to be taken by this proceeding at $300; the finding of the commission being as follows:

"That after the testimony in the case and in respect to the said claim was closed, the said commissioners all being present did without unnecessary delay ascertain and determine the compensation which ought justly to be made by the plaintiff herein to the defendants herein as the owners of the property described in the said petition to be and was the sum of $300."

The report of the commissioners having been filed, the defendants now move this court for a confirmation of that report, and for an order directing that compensation be made to the owners of the land sought to be taken by this proceeding pursuant to the determination of the commissioners, and for the payment of the costs and expenses thereof. Confirmation of the report is opposed by the plaintiff on the ground only that the award made by the commissioners is excessive.

The land sought to be taken has an area of about nine-tenths of an acre and forms part of a field of tillable ground, comprising an area of about nine acres. The farm of which the field forms a part contains about 82 acres of land, on which there are no farm buildings. Upon this farm there is a wood lot of about 10 acres, an orchard containing about 50 or 60 trees, and an area of about 1½ acres, leaving the balance of the farm to consist of about 70 acres, of land alleged to be of a tillable character. Before proceeding to take testimony herein, the commission made a personal inspection of the premises in question, and thereafter a number of witnesses were sworn, and considerable testimony taken with reference to the value of the land sought to be taken for the purpose of the schoolhouse site and the anticipated consequential damages to which the remaining portion of the farm would be subjected by reason of the taking of the lot therefrom for that purpose.

According to the testimony of the defendant Conger, the value of the land sought to be taken was $300, and the damages to the remainder of the farm by reason of the taking of same $200. The acreage value of the farm was placed by most of the witnesses at from $35 to $50 per acre, and a number of the witnesses for the plaintiff placed the value of the lot sought to be taken by this proceeding at from $75 to $100, including, as they testified, all damages resulting to the balance of the farm on account of the taking of the same. It is the contention of the defendants that in determining the compensation to be awarded for the taking of the lands in question three elements of damages should be considered: First, the actual value of lands taken; second, resulting damages from the particular use to be made of the premises; third, permanent maintenance of division fences. Considerable testimony was taken before the commission with reference to the cost and maintenance of division fences necessitated· by the taking of the lands in question, and also as to whether the location and maintenance for the school on the site in question would tend to diminish the value of the remaining land not taken by this proceeding.

The award made by the commissioners is general in its character, being a gross sum as and for compensation for the value of the land

taken, and necessarily includes the consequential damages resulting from the taking of the same. The commission has not indicated by its report what allowance it has made for the value of the lands taken or for resulting damages from the use to be made of the premises, or what allowance, if any, was made for the permanent maintenance for division fences, and counsel for the plaintiff has made no effort to secure a supplemental report to be made by the commissioners indicating the facts which were considered by them in determining the amount of the award. Consequently we are met with the presumption that the commissioners acted within the law, and that the award is supported by the facts which came within the scope of their inquiry. Harlem River & Portchester Railroad Co. v. Reynolds, 50 App. Div. 575, 64 N. Y. Supp. 199. In the case above referred to the award of the commissioners was general in its character, and the court held with reference to the same as follows:

"An award of commissioners appointed in a condemnation proceeding will not be set aside for inadequacy or on the ground that it is excessive, unless it is palpably wrong in either respect, nor will it be set aside for mere errors in the receipt or exclusion of evidence, or for an error of law other than the adoption of an erroneous principle in estimating the compensation.

"Where the report of the commissioners does not state the facts which were considered in determining the amount of the award, and the plaintiff makes no effort to secure a correction of the record or to cause a supplemental report to be made, it will be presumed, in the absence of anything to the contrary in the record, that the commissioners acted within the law, and that the award supported by the facts which came within the scope of their inquiry."

The court further states, with reference to this matter:

"An examination of the record in this proceeding discloses nothing to take this case outside of the rule that an award by commissioners will not be set aside for inadequacy or because excessive unless the award is palpably wrong in either respect. Matter of Daly v. Smith, 18 App. Div. 194, 196, 45 N. Y. Supp. 785, and authorities there cited. Nor will it be set aside for mere errors in the receipt or exclusion of evidence. To justify the reversal of an award for error of law, it must be made to appear that the commissioners adopted an erroneous principle in estimating the compensation. The award in this case, considered purely from the evidence as found in the record, might be thought excessive, and yet we would be reluctant to hold that there was not evidence before the commission which would support the finding if we left out of consideration wholly the fact that the law makes it the duty of the commissioners to personally view the premises and to act upon their own judgment, aided by the evidence or other sources of information in reaching a conclusion. The finding of the commissioners does not state the facts which were taken into view in reaching a determination as to the value of the property, and the presumption must be, in the absence of anything to the contrary appearing in the record, that they acted within the law and that the award is supported by the facts which came within the scope of their inquiry."

Upon a motion of this character the powers of the court with reference thereto are contained in section 3371 of the Code of Civil Procedure, where it provides:

"That the court may confirm the report or may set it aside for irregularity or for error of law in the proceedings before the commissioners, or upon the ground that the award is excessive or insufficient."

With reference to a determination of motions of this character, the courts have adopted the following rules:

"The rule is well settled that, except in extreme cases, an appellate court will not set aside an assessment unless the same is clearly proved to be grossly inadequate, unless it appears that the commissioners fell into some error in their estimates or adopted some erroneous principle." Matter of Gilroy, 78 Hun, 260, 28 N. Y. Supp. 910.

"The practice is too well settled by a long line of decisions that the court will not interfere and set aside a report of such a commission except for some error of law or upon proof of fraud or some glaring imperfection in the report, either of inadequacy or excessiveness, as shocks common sense and implies bias, prejudice, misconduct, or want of judgment on the part of the commissioners." Matter of Chapin, 84 Hun, 490, 32 N. Y. Supp. 361.

"The rule of damages in condemnation proceedings is the full value of the land taken at the market price, with no deductions for any purpose whatever; and, as to the land remaining it appears that its value will be depreciated by the proposed use, this may be awarded as part of the consequential damages suffered." Bohm et al. v. Metropolitan Elevated Ry. Co., 129 N. Y. 576, 29 N. E. 802, 14 L. R. A. 344.

"An award made by the commissioners will not be set aside for inadequacy or as excessive, unless it is palpably wrong in that respect." Matter of Brooklyn Elevated Railroad Co., 87 Hun, 88, 33 N. Y. Supp. 881.

In the light of these authorities, and in view of the fact that the award of the commissioners is general in its character, and that none of the facts upon which they formed their judgment as to the amount of compensation the defendants were entitled to are before the court, and as the sole objection to the confirmation of the report is that the award is excessive, I am constrained to confirm the same.

An order can therefore be entered confirming the report and directing that compensation be made to the owners of the property pursuant to the determination of the commissioners, and that upon payment of such compensation the plaintiff shall be entitled to enter into the possession of the property condemned and take and hold it for the public use specified in the judgment. The award of the commission exceeding the amount offered the defendants for the purchase of the land in question prior to the institution of this proceeding, costs are allowed the defendants.