## In re SIMMONS et al.

(Supreme Court, Special Term, Ulster County.   June, 1910.)

1. EMINENT DOMAIN (§ 236*)—PROCEEDINGS—REMOVAL.

Proceedings under Laws 1905, c. 724, and the acts amendatory thereof, to obtain lands for additional water supply for New York City should be remanded to the commission, to permit owners to introduce additional evidence, where the commission did not follow an agreement between the parties as to the value of the lands and fixed a lower value, and where the owners, relying on the agreement being followed, failed to present all their available evidence.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 602; Dec. Dig. § 236.*]

2. EMINENT DOMAIN (§ 236*)—PROCEEDINGS—REMOVAL.

The proceedings should be remanded also to permit an owner to give evidence as to the value of water power, where he failed to do so at the hearing, relying on an agreement with the city fixing a value, and where that value was disregarded in the award.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 602; Dec. Dig. § 236.*]

3. EMINENT DOMAIN (§ 202*)—EVIDENCE—VALUE.

It was improper to exclude evidence of the value of an entire tract of which part was taken, though the remainder was afterwards taken, since the damages must be fixed as of the time of the taking.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 541; Dec. Dig. § 202.*]

4. EMINENT DOMAIN (§ 202*)—EVIDENCE—VALUE OF NEARBY LAND.

One of claimant's witnesses having testified, on cross-examination, to the value of a nearby tract for building lots, and having stated, without objection, the fair market value of the property as an entirety, it was improper to strike out his testimony respecting such tract.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 541; Dec. Dig. § 202.*]

5. EMINENT DOMAIN (§ 237*)—AWARDS—ADEQUACY.

An award in such proceedings will not be disturbed on motion to confirm the commissioners' report, though slightly less than the value fixed by the city's witnesses; the commissioners being properly influenced by their own examination of the property.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613; Dec. Dig. § 237.*]

6. EMINENT DOMAIN (§ 237*)—COMMISSIONERS—COMPETENCY.

That special counsel for the city in the proceedings is attorney for one of the commissioners in a suit against him in a personal suit involving $50 is not ground for refusing confirmation of a report by the commission.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 237.*]

Application by J. Edward Simmons and others, as the Board of Water Supply of New York City, to acquire lands in the town of Olive, Ulster county, for the city, under Laws 1905, c. 724, and the acts amendatory thereof.   On motion to confirm a report of the commission.   Partly confirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Francis K. Pendleton, Corp. Counsel, for the motion.

John J. Linson, Special Counsel, for City of New York.

Jerome H. Buck, Arthur A. Brown (Harrison T. Slosson, of counsel), John N. Vanderlyn, and A. C. & F. W. Hottenroth, for various parties in opposition.

BETTS, J. The first separate report of this commission embracing some 25 parcels came on for a hearing on the motion of the corporation counsel of the city of New York for the confirmation of said report. Objections were made to the confirmation of the awards made for several of these parcels. Some of them have since been withdrawn, but there are now 21 parcels in which the landowners object to the confirmation. Awards not objected to are, of course, confirmed. There was a large amount of evidence given before this commission relating to these different parcels. I have read it all over carefully, some of it more than once, and I shall very briefly give reasons for the decision arrived at in the said 21 parcels.

In parcels 66 and 81, the claims of the Consistory of the Reformed Church of the Faithful and Egbert Dederick, respectively, it is claimed on behalf of the landowner that an agreement had been arrived at between the city and the landowner as to the value of said parcels. The landowner or claimant, supposing that the commission understood this alleged agreement, and that the same would be respected and followed, now claims that he did not present all the evidence that was available for his side of the case, simply presenting one witness. The commission did not follow this alleged agreement, nor does it clearly appear from the evidence submitted that said agreement, if there was one, was brought clearly to their attention. They made in each case an award for a less amount than the claimants supposed was the agreed value with the City of New York. As a result of this the landowners find themselves without having had a day in court. They claim they have relied upon a supposed agreement which apparently was not understood by the commission, and if understood was not respected, so that they find themselves practically helpless upon appeal. These two parcels, Nos. 66 and 81, will be sent back to this commission. The landowner should have an opportunity of presenting his case so he may be protected by having such evidence as seems to him wise, offered, if it is necessary for him to take an appeal, and, if the agreement was understood by the commission, there may be no occasion for an appeal.

In parcel No. 48, the claim of Albert Brown, a somewhat similar situation to parcels 66 and 81 was developed, although not precisely the same. There the claimant gave a value to the water power under what he claims he understood to be an agreement that would be respected by the commission at $4,000. The city gave no evidence as to the value of the water power. The city's witnesses testified to the value of the property at $11,450 without giving any value to the water power. The award was $11,500. It is urged on behalf of the claimant that the $4,000 was less than the value of the water power, and that other witnesses were present or available to prove its actual

value, and that very little testimony was given upon the matter before the commission, the claimant assuming that the commission would find the value of the water power at $4,000. If they did so find, then they reduced the value of the parcel as proven by the city $3,950. The case has many features like Nos. 66 and 81 that have been returned. Confirmation is refused, and it will be returned to the commission for a further hearing and examination.

In parcels Nos. 52 and 58, the claims of William C. Schryver and Hannah M. Frost, respectively, the parcels taken were part of a larger portion which was taken later by the city of New York. The claimants endeavored to prove the value of the property as an entirety; that is, the value of the property owned by the claimants, as an entirety including that taken under the jurisdiction of commission No. 2, and also that which was taken or condemned by a commission appointed later. This was not permitted by the commission, but they compelled the giving of evidence as to each parcel separately without any regard to its being part of a larger parcel. This was unfair to the landowner, and is not the law as I understand it. The damages are to be fixed as of the time of the taking May 6, 1907. The landowner was entitled to show in the first instance the value of his entire property. Then he was entitled to show the value of the property not taken, and the difference between those figures would be the amount which he was entitled to receive from the city of New York. In considering and determining the value of this parcel taken, it is not necessary to ascertain when, if ever, the city did or will take the remainder, provided it had not on said May 6th taken the same.

I have been referring to the parcel in question in each of these cases. The parcel remaining, of course, is not before me now, but, when that comes before the commission which is to consider it, they will have a property owner who has left a single piece of property that they are to consider, and that commission will then fix the value upon that property without any regard to the part already taken. No confusion can arise in a procedure of that kind. In one of these cases which was a piece of farm property the buildings were on the property taken by one commission, and no buildings on the property taken by another. Manifestly that property would be worth much less if divided into two such parts than if considered as an entirety. I can conceive of no situation that is likely to arise where a farm property would be more valuable if cut up into two portions and valued separately than if considered as one. In one of these parcels the entire parcel of land was not allowed to be described by the witnesses for the landowner, so that the commission did not have before it the entire property of the party, a portion of whose land was being condemned by them. These two parcels are also returned to this commission to proceed according to the law as herein laid down. See South Buffalo Railway Company v. Kirkover, 176 N. Y. 301, 68 N. E. 366.

In parcel No. 64, the claim of Tina B. Lasher, the award was $6,500. The testimony of the city's witnesses was that the property was worth $7,500. Evidence on cross-examination by Mr. McGrath one of claimant's witnesses was given as to the value of certain lands, op-

posite Brown's Station, about nine acres for building lots or sites, near and adjoining lands which had been comparatively recently sold for building lots. Mr. McGrath had originally stated the fair market value of the property as an entirety without objection. Upon motion of the city, McGrath's testimony on cross-examination, so far as it related to this nine acres in question, was stricken out. I think the testimony under the circumstances developed in this case was competent, and should not have been stricken out. This parcel is also sent back to the commission for a further hearing. Confirmation refused.

This makes six parcels on which confirmation is refused.

As to the remaining parcels, Nos. 45, 49, 50, 54, 55, 57, 67, 68, 69, 70, 75, 76, 77, 78, and 79, the objections are overruled, and the award of the commission is confirmed. The award for some of these parcels is slightly less than the testimony of the city's witnesses. Under the rule as laid down in Matter of Daly, 26 App. Div. 326, 49 N. Y. Supp. 795 (and other cases), I have decided to confirm all of these awards just referred to. The court in the case cited holds that:

"The rule is too well settled to require the citation of authority to support it that these officers have the right to be influenced, in the appraisal which they make, by their own inspection and examination of the property to be taken; and there is nothing to show that the result reached in this case was not due to a proper exercise of their functions in this respect."

In Matter of Chapin, 84 Hun, 490, 32 N. Y. Supp. 361, the confirmation of the report of the commissioners was opposed upon the ground that the award of damages was too small and against the weight of evidence. The court says:

"No error of law on the part of the commission seems to be raised, but the report is sought to be set aside upon the ground that the award of damages is too small and against the weight of evidence. * * * As to the first, it is only necessary to suggest that the sworn statements of witnesses is not the only evidence in the proceedings. The commissioners viewed the premises and arrived at their conclusions from such inspection as well as from the statements of witnesses. There was no refusal on the part of the commission to hear all the testimony brought forward by the appellants, and, so far as appears, it was duly considered. It is impossible for the court to say that the award is not adequate. The practice is too well settled by a long line of decisions that the court will not interfere and set aside a report of such a commission except for some error of law, or upon proof of fraud or such glaring imperfection in the report, either of inadequacy or excessiveness as shocks common sense and implies bias, prejudice, misconduct, or want of judgment on the part of the commission."

See, also, Troy & Boston Railroad Company v. Lee, 13 Barb. 169–171, as to the conclusiveness upon a court of the decision of the commissioners where it is not shown that they have committed an error of law or were biased in their determination.

In the City of Syracuse v. Stacey, 45 App. Div. 249–259, 61 N. Y. Supp. 165–172, it is held that:

"It is a rule well established and seldom departed from that where, in a proceeding of this nature, commissioners have adopted a correct principle in determining the value of the property condemned, an appellate court will not interfere with their report upon the mere question of damages, unless the amounts awarded are palpably unjust, the theory of the condemnation law

being that commissioners in the performance of their duty shall be untrammeled by technical rules of evidence and unrestricted as to their sources of information. In short, that in reaching a conclusion as to the value of a given piece of property they shall be guided by their own judgment and experience, rather than by the opinions of witnesses."

To adopt any other rule is to set the opinion of the court against competent commissioners specially selected for the work and sworn to conscientiously perform the same.

It appears from affidavits submitted on the hearing at Special Term that Commissioner Fuller is defendant in an action brought some time ago and never brought to trial, and that Messrs. Linson & Van Buren were his attorneys in that case. The alleged cause of action was to recover $50 for commission on sale of a horse. The answer is a general denial. William B. Ellison was corporation counsel when this proceeding was commenced and these commissioners appointed. Francis K. Pendleton is now corporation counsel of New York City. Mr. Linson is the special counsel in charge of this proceeding on behalf of New York City. From these facts, it is gravely urged in parcel No. 78 that the report of the commission should not be confirmed as to that parcel. The decisions cited do not apply to a case of this kind. No one who knows Mr. Fuller would think for a moment that a trivial matter of this kind would have any force or weight with him. I have known him from my boyhood, and have every confidence in him. This court has not appointed commissioners who could be swerved from the path of duty by any consideration whatever, and no one knows this better than the landowners in this Ashokan district and their attorneys.

The court has been asked to send such parcels of property as were returned or as to which confirmation was refused to new commissioners rather than to return them to this commission. This the court has not done. This commission owing to changes in some of the earlier commissions has had much of the pioneer work of these Ashokan condemnation proceedings to perform. Many questions which have now been in substance agreed to were then new and were fought out with much strength upon each side for the landowner and for the city. I deem the commission conscientious and peculiarly well qualified for the work submitted to it. Mr. Fuller, the member from Ulster county, owns or has owned farms, sawmills, a tannery, city property, and village property, has been a supervisor of his native town for several years, member of assembly, warden of Clinton State Prison for over 12 years, and is a successful business man, accustomed to handle and deal with large questions. Mr. Smith is a thoroughly equipped lawyer, familiar with real estate law, and has had much of this condemnation practice. Mr. Rives has a large farm in Dutchess county only about 30 odd miles from this section, and is a lawyer well grounded in real estate law, including condemnation proceedings. They have given much time and patient labor to the matters submitted to them. I see no reason for sending these cases to a new commission.

An order may be entered as herein indicated.