[No. 6482.]

ALEXANDER ET AL. V. CITY AND COUNTY OF DENVER.

CONSTITUTIONAL LAW—*Special Assessments of Benefits*—The levy of an assessment upon lands, for a benefit occasioned by a public improvement is the exercise of the power to tax. The provisions of Sec. 15 of Article II of the Constitution have no application thereto—(145).

Though such assessment is made in a proceeding under the statute of Eminent Domain, and is declared a lien upon the lands not taken, it does not result in depriving the land owner of the damages to which he is entitled for land taken, nor any part of such damages—(145).

Neither does the fact that what is to be paid to the land owner for the land taken is raised by a general tax of which, with all other property owners, he must pay his share, have this effect—(145).

The provisions of the statute, (Mills Stat. Secs. 4419, 4427, Rev. Stat. Secs. 6592, 6600,) are not opposed to the Constitution —(146).

*Error to Denver District Court*—HON. P. L. PAL-MER, Judge.

Mr. WM. T. ROGERS, attorney for plaintiffs in error.

.... Mr. HENRY A. LINDSLEY and Mr. THOS. R. WOODROW, attorneys for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court.

The City and County of Denver, as petitioner, instituted proceedings to acquire, by right of eminent domain, tracts of land belonging to the plaintiffs in error, to open, widen and extend certain streets and alleys. The commissioners appointed for the purpose assessed the value of each tract taken at specified sums, and also determined the value of the benefit which would accrue to each of the tracts remaining. The amount of benefits was less than the value of the land taken. The report of the commissioners, with some slight modification, was approved by the court, and a decree entered, to the effect that upon payment to the respective respondents of the several sums awarded for the value of the several tracts taken the petitioner should become the owner of such tracts and entitled to enter upon, hold and use the same for public highways; and that the special benefits assessed should severally be a lien against the respective tracts from which the land for highways was taken. The difference between the value of the land taken and the special benefits was assessed against petitioner. The respondents have brought the case here for review on error.

On their behalf the proposition raised is, that assessing the lands of respondents with the value of the special benefits accruing by reason of the improvements, violates section 15 of Article II of our Constitution, which provides: "That private property shall

not be taken or damaged for public or private use without just compensation." The Charter of the City and County of Denver, § 322, provides that for the purposes of opening or widening any street, alley or other public highway, the right of eminent domain may be exercised, and that "the manner of proceeding, the ascertainment of the compensation to be paid, the assessment of benefits or damages, the collection of such benefits and payment of such damages, shall be as provided by general law."

Turning to the General Laws on the subject, we find, § 6592 Revised Statutes: "It shall be the duty of the commissioners to estimate the actual value of the land and premises proposed to be taken, without reference to projected improvement, and the actual damage done to the property thereby, and for the payment of such values and damages, to assess against the city the amount of benefit to the public generally, and the balance against the owner or owners of all property which shall be especially benefited by the proposed improvement, in the opinion of the commissioners, to the amount that each lot of said owner shall be benefited by the improvement, the sums to be paid by the owners of property especially benefited by the improvement as ascertained by the commissioners shall be a lien on the property so charged and shall be collected as provided by ordinance of said city, and when collected shall be paid into the city treasury as a separate fund to be used exclusively for the payment of the damages awarded."

Section 6600 *ibid* provides, in substance, that when the report of the commissioners shall have been approved, the city council shall make an appropriation for the payment out of the city treasury of all damages assessed in favor of the owners of the property appropriated, and that the proper city officials shall there-

upon issue the warrants of the city to the respective parties entitled thereto.

Respondents do not claim that their property is not respectively benefited to the extent of the respective amounts assessed against their several tracts, nor do they raise any question with respect to the method which the ordinances of the City and County of Denver may provide for the collection of the several amounts assessed against their several tracts. So that the question to determine is, does the decree providing that the amount of the special benefits shall be a lien upon the remainder of their lands, which, if sustained, they must discharge, result in taking their property for a public use without just compensation? The decree appears to follow the provisions of the statute above quoted.

Counsel contends that this statute is unconstitutional for the reason that respondents are entitled to be paid the value of the land taken, in money, and that this value cannot be liquidated by any benefits accruing to them by the appropriation. In support of this contention, it is urged that benefits cannot be off-set against damages awarded for the value of the land taken. This does not accurately present the real situation. The decree provides that the respondents shall be paid the damages representing the value of the land taken, as a condition precedent to the acquisition of title by petitioner, so that the vital question is the validity of the special assessments, which the respondents are required to pay. Counsel for respondents say these assessments are invalid because thereby the damages they receive are reduced *pro tanto*. We do not regard this contention as tenable. The levy of an assessment for a special benefit is an exercise of the power to tax, while the clause of the constitution inhibiting the taking of property for a public use without just compensation refers simply to property taken by right

of eminent domain, and has no reference to the collection of taxes.—*Nichols v. City of Bridgeport,* 23 Conn. 189; *Wight v. Davidson,* 181 U. S. 371; *Bauman v. Ross,* 167 U. S. 548; *Hayden v. City of Atlanta,* 70 Ga. 817; *Hessler v. Drainage Commrs.,* 53 Ill. 105; *People ex rel. Griffin v. Mayor of Brooklyn,* 4 N. Y. 419.

The question, then, is, does the levy of the special assessments result in depriving respondents of the damages which they are entitled to receive for the land actually taken? We think not.

The right of eminent domain cannot be exercised except upon condition that just compensation shall be made to the owner. The just compensation required by our Constitution to be made to the owner is the loss sustained by him by the appropriation. He is entitled to receive the value of what he has been deprived of, and nothing more. *Bauman v. Ross, supra; Livingstone v. Mayor,* 8 Wend. (N. Y.), 85. If, by a public improvement, the residue of his land is specially enhanced in value, it would be manifestly unjust to the public to allow him to enjoy this increase in value without consideration, and also to receive the full value of the part taken. To avoid this inequality, special assessments, when the facts justify, may be levied to meet the cost of public improvements, upon the ground that the property upon which they are imposed is peculiarly benefited by such improvements, and that, therefore, the owner does not, in fact, pay anything in excess of what he receives by reason of such improvements.—*Norwood v. Baker,* 172 U. S. 269; *City of Denver v. Kennedy,* 33 Colo. 80.

If, by taking part of a tract, the residue is specially enhanced in value by the public improvement for which such part is taken, there is no reason in law why, in such circumstances, the owner of such residue should not be required to pay in the way of a special assessment the amount which will represent such spe-

cially increased value, the same as those whose property is specially benefited by a public improvement, no part of which is taken for that purpose, may be required to pay for special benefits.    In this respect he stands upon the same plane with other property owners whose property may be burdened with a special assessment for a public improvement when the facts justify it.

The decree in the case at bar provides that respondents shall be paid the value of the land taken as a condition precedent to the acquisition of title by petitioner.    The amount of benefits is not set off against this value.    It is made a lien against their lands, but they are to receive, in the first instance, the damages awarded for the lands taken.    True, the amount of money respondents will have received for damages will be lessened to the extent of the special assessments they are required to pay; but these payments are exacted for an independent consideration, namely, the specially enhanced value of their property by reason of the establishment of highways over the ground appropriated to these purposes, and for which they are to be fully paid. Consequently, the damages they have sustained, and for which they are to be paid, are not, as a matter of fact, lessened in the slightest degree.

Summarized, this is the situation:    Respondents are to receive in cash the value of the land actually taken, and are required to subsequently pay the sums representing the value of the special benefits to the residue,  as the result of the use to which that taken is proposed to be put; so that it appears to a mathematical certainty, that the payment of the assessments levied for special benefits does not result in depriving them of the value of the land appropriated, and that they are fully paid for the loss occasioned by the appropriation.—*Nichols v. City of Bridgeport, supra; Bauman v. Ross, supra.*

It is also contended by respondents that because the amount assessed against the petitioner representing the damages in excess of the special benefits must be paid by general taxation, and they must pay their pro rate share thereof in the way of taxes levied and collected for that purpose, that, therefore, they do not receive full compensation for their several tracts appropriated for public highways. The assessment against petitioner was made because to that extent the public was benefited. Respondents are part of the public, and to the extent that they are benefited, as a part of that entity, by the improvements in question, they must bear their share of the burden which the cost of these improvements has imposed. This is represented by their pro rate share of the taxes they must pay in common with other property owners to discharge the damages assessed against petitioner. This sum represents their part of the value of the general benefits which they will share in common with the public from the improvements, and therefore, in no sense can be regarded as a deduction from the damages which have been awarded them.

Authorities are cited by counsel for respondents which hold that where a property owner is found entitled to a sum of money in payment for land taken under the power of eminent domain, he is entitled to receive that sum, and that it is no payment of the same to credit or set off against such compensation benefits accruing by virtue of the appropriation, and award him, as damages, the difference. These authorities are not in point, for the reason that they have no application to the facts of the case under consideration. What we do determine is, that under the decree based upon the provisions of the statute involved, and in conformity therewith, respondents are to be paid in full for the loss occasioned by the appropriation of

their lands, which is all that they can demand, under our Constitution.

The judgment of the District Court is affirmed.

*Judgment affirmed.*

Decision *en banc.*