[No. 6936.]

Phipps, et al. v. City and County of Denver.

1. Appeals—*Questions not Presented Below.* Where in condemnation proceedings no objection is made below to the damages awarded in respect of land taken, this court will not, on appeal, review such award.  (208)

2. Constitutional Law—*Eminent Domain.* The provision of § 6592 of the Revised Statutes that in the opening of an alley the benefits shall be paid by the owners of property in the block abutting on the alley, is not in violation of § 15, art. II of the constitution.  (215)

3. Eminent Domain—*Statute Construed.* It is not a necessary deduction from the proviso to § 6592 Rev. Stat. that the benefits to each owner in the block through which an alley is opened will be identical with the damages assessed to him for so much of his lot as is taken. That depends upon whether they are in fact the same, when ascertained in the manner prescribed by the statute.  (209)

It is not the purpose of the statute that the owners of the lots abutting upon the alley should bear the cost of the improvement in equal proportions; each of such property owners must bear some portion of the burden, but the ascertainment is not to be made upon the frontage merely, but according to the actual benefit occasioned to the property, as nearly as this can be ascertained.  (215, 216)

Where the commissioners assessed no benefits against the corner lots, it was held that their report was a departure from the statute, and that the court was justified in a modification of the award in this respect.  (211)

4. ——*Powers of the Court.* §§ 6592-6597 of the Revised Statutes are to be taken together. Thus construed they confer upon the District Court power to modify, recast, or annul, any assessment, and do everything necessary to make a true and just appraisement, according to the principles of the statute.  (210)

Where the boundaries of the district to which the assessment is limited, as by the proviso to Rev. Stat. § 6592, the court may, if the report departs from the statute, amend it in this respect, or may refer it to the same or another commission. (210)

So where it appears that the commissioners acted under a misapprehension of the law. (211)

5. ——*Objections to Report—Effect.* Proceedings for the opening of an alley. The commissioners omitted to assess benefits against the corner lots, though abutting upon the alley. The owners of these lots made no objection to the report. *Held* that objections made by the holders of other lots in the block entitled the court to revise and correct the report in this respect. (212)

*Appeal from Denver District Court.*—Hon. GREELEY W. WHITFORD, Judge.

Mr. EDWARD L. SHANNON, Mr. ROBERT GIVEN, for appellants.

Mr. I. N. STEVENS, Mr. J. A. MARSH, Mr. G. A. LUXFORD, Mr. A. T. MONSON, for appellee.

Mr. JUSTICE HILL delivered the opinion of the court:

This action was by the city and county of Denver to acquire, by right of eminent domain, a tract of land for an alley sixteen feet in width off of the rear ends of the two rows of lots situate between Broadway and Lincoln Streets, and Tenth and Eleventh Avenues, in the city and county of Denver; also, to have the special benefits assessed to the abutting owners, etc. The appellant Phipps owns the corner at Eleventh and Lincoln, being forty-three feet facing on Lincoln, and one hundred thirty-three feet along Eleventh Avenue. The appellant Dean owns the corner at Eleventh and Broadway, being forty-three feet facing on Broadway, and one hundred thirty-three feet along Eleventh Avenue. The appellant Hinkley owns the corner at Tenth and Lincoln, being one hundred ten feet facing on Lincoln, by one hundred thirty-three feet deep along Tenth avenue.

The commission appointed for the purpose assessed the damages for each tract taken at a specified sum. It found that no damage would result to any remaining property by reason of the taking. It also found that certain land in the block would be specially benefitted by the opening of the alley, and assessed against these owners the total amount of the damages awarded by reason of the taking. The assessments as benefits were against the owners of all the land remaining in the block abutting on the proposed alley, except that portion of each corner forty-three feet wide facing on the proposed alley. There was no assessment by the commission as benefits against any of the four corners of this depth.

Certain landowners filed objections to this report, protesting against the benefits assessed against them, to the amount awarded for the land taken, and to the report as a whole, alleging, that the awards for the land to be taken, and the benefits, had not been calculated upon actual value and benefits, but had been mathematically adjusted, so that those alleged to have been more damaged than benefited must be paid by those alleged to have been more benefited than damaged, and that it appears from the report that the object sought to be consummated was to compel certain landowners owning the inside portion of the block to pay the owners of the outside portions any excess in value over benefits which the commission concluded to allow.

Default was entered against certain respondent landowners who failed to appear. Thereafter, the court heard evidence pertaining to the objections, sustained some, rejected some, made certain findings of fact, and amended the report of the commission, by decreasing the assessment of benefits against the inside lots, and assessed as special benefits against the corners owned by Dean, Phipps, and Hinkley, the same amount per lineal foot facing on the alley as against the other abutting owners in the block. This made the special benefits to each tract the same amount as the damages for

the portion taken. Decree was entered accordingly, from which these appellants have appealed.

Numerous errors are assigned; many need not be considered as they pertain to the lands of owners who are not complaining and which alleged errors in no manner affect the rights of these claimants.

It is claimed that the court is not clothed with authority to hear and determine the issues raised by the objectors pertaining to the amount of damages awarded or benefits assessed; that such questions must be determined by the commission, or, if desired, by objectors, by a jury. The first portion of this contention is not before us. The record discloses that the damages for the land taken were fixed by the commission; that no objections were made thereto, and that this portion of the report was approved by the court. The commission also found and reported that no damage would result to any remaining property by reason of the taking. There was no objection to this finding, which was likewise approved. Section 15 of article II of our constitution provides, "That private property shall not be taken or damaged, for public or private use, without just compensation. Such compensation shall be ascertained by a board of commissioners of not less than three freeholders, or by a jury, when required by the owner of the property, in such manner as may be prescribed by law." In *Tripp v. Overocker,* 7 Colo. 72, it was held that this requirement of the constitution is imperative. We have no criticism to offer pertaining to this holding. It is sufficient to call attention that both of these facts were determined by a commission; that no objections were made thereto, and that their action in this respect was approved by the court.

It is next claimed that section 6592 Revised Statutes, 1908, violates section 15 article II of the constitution. It is urged that because the assessment of benefits authorized by this section are fixed at a similar amount as the damages assessed for the land taken, that the appellants receive nothing for the land taken. While it

is true that this section fixes the territory which is to be held as being specially benefitted by the opening of an alley, and provides that the cost of the improvement shall be assessed to the owners thereof, for reasons hereafter stated, it does not necessarily follow that the benefits to each owner are to be fixed at a similar amount as the damages assessed for the land taken; that depends upon whether they are the same when they are both fixed in the manner provided by law. This question of an improvement district was under consideration in *Alexander v. Denver,* 51 Colo., 140, 116 Pac. 342. It was decided adversely to appellants' contention. For the reasons in the opinion stated, it is unnecessary to reiterate them here.

It is conceded that the assessments of benefits against the remainder of the lands of the appellants occasioned by the opening of the alley was by the court, and that in this respect the court enlarged the district which the commission found would be benefited. The right of the court to do either is challenged. The case of *Jones v. Town of Lake View,* 151 Ill., 663, 38 N. E., 688, and other Illinois cases are relied upon to support this contention. This case holds that the subject of what land should or should not be assessed benefits is not a question for a jury; but in commenting upon this question at page 681 the court said:

"It is unavoidable, under the system prescribed by the legislature, that a very large discretion is committed to the commissioners authorized to apportion the assessment upon the property benefited. This discretionary power they exercise in determining not only what the benefits to the property affected are, but also in determining what property is benefited by the proposed local improvement. The exercise of the power to determine what property shall, or shall not, be included in the assessment, is not made the subject of review by trial by jury. The court may undoubtedly supervise, upon proper objection, the exercise of the power by the commissioners, and, indeed, as we have already seen (sec. 33, art. 9, ch. 24, R. S.), the court is given power, at any time before

final judgment, to modify, alter, change and annul, or
re-cast any assessment, and to take all such proceedings
and make all such orders as may be necessary to make a
true and just assessment according to the principles of
the act.   And in cases of fraud, corruption, oppression,
or departure from the principles governing in like cases,
it would be the duty of the court to set it aside, or to cause
the same to be so changed as to make a just and true
assessment.   This, however, is to the court, and with
which the jury have nothing to do.''

We think like powers as stated by the Illinois court
were intended to be vested in our District Courts.   Sec-
tion 6593 R. S. provides that when the commissioners
shall have viewed the property and assessed the value,
damages and benefits, they shall make return of such
assessments in writing to the court, etc., giving certain
notices to owners, etc.   Section 6594 provides that any
person interested in any real estate to be affected by
such assessment of value, damages or benefits, may ap-
pear within a time to be fixed by the court, etc., and file
objections to the report.   Section 6595 provides upon
demand for jury trials, etc.   Section 6596, that the trial
shall be conducted in like manner as in other civil actions,
etc.   Section 6597 provides that the court, before which
any such proceeding may be pending, may at any time
before final judgment for good cause shown, modify,
alter, change, annul or confirm the report of the com-
missioners, or may order a new appraisement and as-
sessment as to any or all of the real estate thereby af-
fected, by the same commission or another.   These sec-
tions must be construed together, and when thus done,
and effect is given to all of them, we are of opinion that
our District Courts are possessed with like authority
as that pointed out by the Illinois court; and when the
legislature, as in this case, has fixed the boundaries of
the district, the court has the right and should amend the
report of the commission to comply therewith, or refer
it to that or another commission, for that purpose.   Other

Illinois cases, and those from other states which pertain to improvement districts created by boards of public works, park commissions or councils of cities, etc., are not in point. In such cases these boards, or the city council approving their action, became a quasi court for the purpose of determining these questions. There are usually certain restrictions placed upon them by the action of a certain per cent of the property owners by appeal to the court, etc.

In the case at bar objections were filed to the report of the commission. They include the question of the lands benefited by the improvement and the amounts to be assessed therefor. No demand was made for a jury trial. Under such circumstances it is the duty of the court to consider and pass upon all the questions covered by the objections. Whether it was justified in modifying, altering, or changing the report of the commission as authorized by section 6597, *supra,* is another question that could only be determined when the objections to the report filed for this purpose were considered.

Many authorities are cited as to the effect of the report of such a commission when objections are filed thereto, the weight to be given it as evidence, and what facts must be disclosed before the court is justified in setting it aside, but they all agree that in case the commissioners have acted under misapprehension of the law the court is justified in changing their report to comply therewith. Section 6592, R. S. provides, "That, in the opening of an alley, the benefits shall be paid by the owners of the property in said block abutting on the proposed alley." The report of the commission is in conflict with this section inasmuch as it failed to assess any benefits against the four corners of this block forty-three feet in depth where they face this alley. If this act is constitutional (which is challenged and will be considered later) it is self-evident that the court was justified in changing the report of the commission in this respect. *P. & A. V. R. Co. v. Rudd,* 5 Colo 270; *State v. District*

*Court*, 80 'Minn. 293, 83 N. W. 183; *Jones v. Town of Lake View*, 151 Ill. 663, 38 N. E. 688; *Virginia & Truckee R. Co. v. John Henry*, 8 Nev. 165; 15 Cyc. 906; *In re Brooklyn El. R. Co.*, 80 Hun, 355, 30 N. Y. Supp. 131; *In re Chapin*, 84 Hun, 490, 32 N. Y. Supp. 361.

We cannot agree with counsel for appellants that because they filed no objections to the report of the commission that the court was without jurisdiction to consider the question of benefits to their lands adjoining the proposed alley. The objections filed to the report by other landowners in addition to the question of the damages for their land taken, and the special benefits to the residue and other matters, were directed against the entire report and specially covered the question of benefits to the lands of the appellants. The fifth objection, among other things, included the allegation that it clearly appeared from the report and award that the purpose and object sought to be consummated was· to compel the owners of inside portions of the block to pay the owners of outside portions any excess in value over benefits which the commission concluded 'to allow. This it was alleged was unlawful, etc. It was further alleged that this method was not calculated upon actual values and benefits, but was thus mathematically adjusted, so that those alleged to have been more damaged than benefited must be paid by those alleged to have been more benefited than damaged. The record discloses that appellants were notified of the objections and appeared, cross-examined witnesses, had their own witnesses sworn, examined and tried the very questions which they now say the court had no right to go into. We are of opinion that the proceedings were sufficiently regular, including the objections, to vest the court with jurisdiction to go into these questions, and that the appellants ought not now be heard to complain concerning their consideration. *Scheerer & Co. v. Hutton*, 7 Cal. App. 524, 94 Pac., 849.

It is claimed that section 6592 R. S. in so far as it provides that benefits shall be assessed only against

owners of property abutting on the proposed alley is unconstitutional, for the reason that no one's property shall be assessed for more than its share of benefits arising from any public improvement. With this principle we agree, but it is for some tribunal to determine the benefits as well as the district to be benefited. It is claimed that if the opening of this alley is a public improvement, for public use and of public benefit, that there must be benefits accruing to the city at large, otherwise that the opening of the alley could not be considered a public improvement, nor this proceeding maintained; that as the benefits should be assessed wherever benefits are received that the city at large receives benefits from any public improvement, and should pay its share therefor. It is claimed that there is no more reason why the abutting property owners should pay for the opening of an alley than that the abutting property owners only, should pay for the opening of a street; that both are public improvements, and both involve the condemnation of private land for public use; that inasmuch as in the opening of a street the commissioners are authorized to assess against the city the amount of benefits to the public generally, and the remainder against the owner of owners of property specially benefited, that there is no reason why such limitation and restriction should be placed upon the opening of an alley as provided in this section, for which reason it requires an unjust assessment, for if the city be prohibited, as the statute provides, from paying its share of the benefits to the public generally, it follows that the abutting property owners are required to make up this amount by submitting to a larger assessment than is properly their share, and that in this respect it violates section 15 of article II of the constitution. If this line of reasoning were controlling it could be answered by calling attention to the fact that conditions pertaining to the use of a public street, and an alley, are not altogether the same. Generally speaking, an alley is primarily for the use and benefit of the owners of the lots abutting thereon, and for which

reason, as well as its location, is not of the same bene-
fit to the public generally as is a street.    *Paul v. City of
Detroit,* 32 Mich. 108; 28 Cyc. 833; 2 Cyc. 133; *Face v.
Ionia,* 90 Mich. 104, 51 N. W. 184; *Bagley v. People,* 43
Mich. 355. 5 N. W. 415, 38 Am. Rep. 192; *Beecher v.
People,* 38 Mich. 289, 31 Am. Rep. 316.

The authorities cited by the appellants pertaining
to their damages for the land taken, and the right to
assess or tax the residue a certain amount, as benefits,
to pay for the improvements were evidently considered
in *Alexander v. Denver,* 51 Colo., 140, 116 Pac. 342, where
we recognized there was some conflict of authority upon
this question.    The district to be benefited by a public
improvement is always a question of opinion, and its
boundaries to some extent must be arbitrarily fixed.    It
is for some tribunal to draw the line.    In *Londoner v.
Denver,* 52 Colo., 15, 119 Pac. 156, we held that a park is
a special benefit to the locality where it is established,
and that its cost to the extent of the benefit, may be as-
sessed against the property specially benefited, and in
such case where a district has been regularly established
and held to be specially benefited, that the only constitu-
tional right of the property holder is to be heard upon
the apportionment of the tax.    In *Spencer v. Merchant,*
100 N. Y., 585, 3 N. E. 682, affirmed by the Supreme Court
of the United States in 125 U. S., 345, 31 L. Ed. 763, 8 Sup.
Ct. 921, it was said,  ''The legislature may commit the
ascertainment of the sum to be raised and of the bene-
fited district to commissioners, but it is not bound to do
so, and may settle both questions for itself.''  Our legis-
lature in its wisdom has seen fit to fix the boundaries of
the district as being specially benefited by the opening of
an alley, by providing that the benefits shall be paid by
the owners of the property in the block abutting on the
proposed alley.    In the fixing of this amount, this pro-
viso, as stated elsewhere in the section, must be con-
strued to mean that it shall be apportioned among the
several owners in the ratio that each is specially bene-

fited upon account of the improvement, and when this is done, we are not convinced that either by mistake or intention the legislature has imposed a contribution unsupported by any public benefit, or out of all proportion to the possible benefit. In such case with the above exceptions, it is for the legislature to determine, and we do not think the act vulnerable to the constitutional objection urged. *Alexander v. Denver,* 51 Colo. 140, 116 Pac. 342; *Londoner v. Denver,* 52 Colo. 15, 119 Pac. 156; Hamilton on Special Assessments, § 171; *Minor v. Sheriff,* 43 La. Ann. 337, 9, South 49; *Bauman v. Ross,* 167 U. S. 548, 17 Sup. Ct. 966, 42 L. Ed. 270; *Hagar v. Reclamation District No. 108,* 111 U. S. 707, 4 Sup. Ct. 663, 28 L. Ed. 569; *Davidson v. New Orleans,* 96 U. S. 97, 24 L. Ed. 616; *Providence Bank v. Billings,* 4 Pet. 517, 7 L. Ed. 939; *French v. Barber Asphalt Paving Co.,* 181 U. S. 324, 21 Sup. Ct. 625, 45 L. Ed. 879.

We are unable to approve that portion of the decree which makes the assessment equal against all the owners of properties abutting on the proposed alley, regardless of the difference in the special benefits to be received. In our opinion the statute is not susceptible of this construction, and while the section means that the special benefits shall be paid by the owners of the property in the block abutting on the proposed alley, we do not think it was intended that the special benefits to be derived by each owner should be disregarded in fixing the assessment; that all should bear some portion of the burden was unquestionably intended, but to hold that the owners should bear the burden equally in proportion to their frontage would be to disregard the question of special benefits to each tract. If thus intended it would relieve the commission or court from making an assessment upon account of special benefits, as it would simply be a matter of mathematical calculation, which is certainly not authorized by the section. If it thus read it would then require a consideration of the constitutional question so ably urged by attorneys for

the appellants, involving that class of cases. That it was never thus intended is apparent not only from the language used, but the extreme injustice it might work in certain cases. For instance, one landowner might own a lot two hundred feet in depth with a frontage upon the alley of fifty feet, another might own a lot ten feet in depth with a frontage upon the alley of twenty feet. The assessment against the one might be fair and equitable, in proportion to the amount of special benefits received, yet when applied to the other might be greatly in excess of the entire value of the residue of the property owned by him. This principle, to a certain extent, applies to the owner of a corner lot who, before the improvement, has access to his property from two sides and is usually burdened with improvements therefor, while the owner of an inside lot before the improvement has access thereto only from its front and his street improvements are usually limited accordingly. The inconvenience to the owner of the corner for want of an alley upon account of his surroundings must be less than that of his neighbor with his inside lot, for the same reason the alley must, of necessity, be of greater benefit to the inside lot owner than to his neighbor on the corner.

We cannot agree that the evidence sustains the conclusion that the owner of the corner lot is benefited to the same extent as the owner of the inside lot upon account of the opening of the alley. That the owner of the corner lot is benefited, to some extent, is not only contemplated by the statute, which says the benefit must be assessed against all frontage, etc., but we think must be conceded for reasons, among others, that it gives him access to his property from three sides, and the very fact of the existence of an alley in a block, if it is owned by different people, must, to a certain extent, be of some benefit to the owners of all property in the block, and we think is a special benefit to the owner of lands facing thereon, left after that for the improvement is taken. These owners the statute says shall be

assessed therefor. Not only is their land benefited in the way of ingress and egress, but in the question of light, air and other conveniences where buildings are constructed, or for such prospective use in case they are vacant. We are of opinion this section means that, in assessing these benefits, all these matters shall be taken into consideration with a view of arriving as nearly as possible at a correct apportionment of the entire amount of the cost of the improvement between the several tracts of land facing thereon, all of which are specially benefited thereby. As to what this apportionment should be between the owner of the corner lot or lots and his neighbor in the center of the block, and as to where the line or lines should be drawn or distinction made, as to the difference in the burden to be borne, we do not think it is proper for us to now determine. That a distinction must be made in these respects, and the line or lines be drawn somewhere is readily apparent in order that a just and equitable distribution of the burden be made, but that can only be done when evidence is taken and considered for that purpose under a correct conception of the law.

Inasmuch as the commission adopted an erroneous conclusion one way and the court likewise went to the extreme the other, it makes it impossible for us to accept either, for which reason the judgment, in so far as it affects the appellants on the question of benefits, is reversed, and the cause remanded for the appointment of another commission and for a new trial upon that question only, in harmony with the views herein expressed.

*Reversed.*

Decision *en banc.*