## JOHN F. FLYNN AND OTHERS, v. CITY OF WORTHINGTON AND OTHERS.[1]

March 22, 1929.

No. 27,180.

*John F. Flynn* and *Edward Dolan,* for appellants.
*E. J. Jones,* for respondents.

DIBELL, J.

Action by the plaintiffs to restrain the improvement of certain alleys in Worthington, a city of the fourth class. The plaintiffs appeal from an order sustaining a demurrer to the complaint.

The statute, G. S. 1923, § 1815, as amended by L. 1927, p. 278, c. 185, 1 Mason Minn. St. § 1815, provides:

"In any city of the fourth class or village of this state, whether said city or village is acting under general· or special law or home rule charter, the council shall have power to improve any street, streets, alley or alleys, or parts thereof, by laying and maintaining pavements, gutters and curbs thereon of any material which it may deem suitable or by grading or graveling the same, when petitioned

[1]Reported in 224 N. W. 254.

for by the owners of not less than 35 per cent in frontage of the real property abutting on such street, streets, alley or alleys, or parts thereof, as may be named in the petition as the location for such improvement. * * *"

The city proposes to grade each of the alleys in blocks 7, 14 and 17, which are adjoining blocks. The improvement will make a continuous passageway. The petition for the improvement is made by the owners of 35 per cent of the frontage through the three blocks taken together. It is not made by 35 per cent of the frontage owners through the block to which this action relates. The question is whether 35 per cent of the frontage owners in each block must join in the petition. No objection is made that the three blocks are included in one improvement project.

Alleys differ from streets. They are not intended to convenience the public in the way that streets do. They are more of local convenience to the parts of the block which they abut. Bagley v. People, 43 Mich. 355, 5 N. W. 415, 38 Am. R. 192; Talbert v. Mason, 136 Iowa, 373, 113 N. W. 918, 14 L.R.A.(N.S.) 878, 125 A. S. R. 259. They are not thought of as a street connecting with other streets and supplying the municipality with a system of connecting highways. An alley is not intended for such purpose. While the public travels it, its use is local to abutting property. A street is intended for general public use, and the general public have in it an interest different from that which they have in an alley. The question is one of statutory construction. Our view is that 35 per cent of the abutting frontage must petition for the improvement of an alley through a block, and that otherwise such alley cannot be imposed upon abutting owners.

Order reversed.

WILSON, C. J. and STONE, J. (dissenting).